## In re STRONG.

(Supreme Court, Appellate Division, First Department.  February 23, 1906.)

1. CONTEMPT—ACTS CONSTITUTING CONTEMPT—REFUSAL TO PAY MONEY—EX-
   CUSES—BURDEN OF PROOF.

   Code Civ. Proc. § 2714, provides that the naming of a person executor in
   a will does not operate as a discharge or bequest of any claim which the
   testator has against him, but the executor shall be liable for the same.
   Section 2552 provides that a decree directing payment by an executor is
   conclusive evidence that there are sufficient assets in his hands to satisfy
   the sum which he is directed to pay.  Section 2555 provides for enforcing a
   decree directing the payment of money by an executor by contempt pro-
   ceedings.  Section 2286 provides that an offender imprisoned for contempt,
   who is unable to pay the sum, which is required to be paid in order to
   entitle him to a release, may be discharged upon such terms as justice
   requires.  *Held*, that where an executor is decreed to be indebted to the
   estate, and is directed to pay the amount due and fails to do so, he is
   properly adjudged guilty of contempt, unless he sustains the burden of
   showing his inability to pay such sum.

   [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Contempt, § 77.]

2. SAME—PROCEEDINGS—ORDER—NECESSARY FINDINGS.

   An order adjudging an executor in contempt for failing to pay money
   which he is directed to pay need not contain a finding as to his ability
   to pay the sum required.

Appeal from Special Term.

In the matter of the judicial settlement of the final account of J.
Montgomery Strong, as executor of Elizabeth L. Strong, deceased.
From an order adjudging the executor in contempt, he appeals.  Af-
firmed.

Argued before O'BRIEN; P. J., and PATTERSON, INGRAHAM,
LAUGHLIN, and CLARKE, JJ.

William R. Adams, for appellant.

Russell & Holmes (James S. Darcy, of counsel), for respondents.

CLARKE, J.  Testatrix died March 20, 1895.  Letters testamentary
were issued to the executor here proceeded against, in February, 1898.
A proceeding to compel the executor to account was initiated by his
brother in August, 1898.  The main question litigated in said proceed-
ing concerned the personal liability of the executor for a debt due from
him to his testatrix.  After a long and expensive trial before a referee,
a report was made establishing the debt, which report was confirmed,
and a decree was made on March 30, 1903, which included the debt
as the principal asset of the estate.  The decree, after stating the ex-
ecutor's account found "a balance in his hands of $4,501.55"; and
directed the executor to pay "out of the balance so found as above
remaining in the hands of said executor" to the respondent creditor
herein, the amount of his claim, viz., the sum of $2,270.19, and the
further sum of $219.95, out of the distributive share of Mary L.
Spencer, a daughter of testatrix, who had contested the claim of said
creditor, making the sum total due the creditor under said final decree,
$2,490.14.  The said executor appealed to this court from said decree,
and the decree having been affirmed, further appealed to the Court of
Appeals, where the appeal was dismissed.

A copy of the decree was duly served upon the executor, a demand for payment made, and an execution issued. The executor having refused to pay, and the execution having been returned unsatisfied, this proceeding to punish him as for a contempt, was commenced by an order to show cause dated December 7, 1904. Upon the return to this order, the executor for the first time, and after all these years of continued litigation, set up that:

"Since his appointment as executor, and since the entry of the decree herein, he has not had the money with which to pay the amount directed in said decree, and is insolvent, and has been ever since his appointment as executor."

For this reason he prays that he be not adjudged in contempt.

It is provided in section 2714 of the Code of Civil Procedure that:

"The naming of a person executor in a will does not operate as a discharge or bequest of any just claim which the testator had against him; but it must be included among the credits and effects of the deceased in the inventory, and the executor shall be liable for the same, as for so much money in his hands at the time the debt or demand becomes due, and he must apply and distribute the same in the payment of debts and legacies, and among the next of kin, as part of the personal property of the deceased."

By section 2552 of said Code it is provided that:

"A decree directing payment by an executor * * * to a creditor of, or a person interested in, the estate or fund * * * is, except upon an appeal therefrom, conclusive evidence that there are sufficient assets in his hand to satisfy the sum which the decree directs him to pay."

Section 2555 of said. Code provides for enforcing a decree of the surrogate directing the payment of money by an executor, from the estate, by contempt proceedings. So that the debt owing the testatrix is declared to be money in the executor's hands, the final decree is declared to be conclusive evidence that there are sufficient assets in his hands to pay the sum decreed, and if he does not pay, he is liable as for a contempt.

In Baucus v. Stover, 89 N. Y. 1, the Court of Appeals said:

."We perceive no room for doubt; the statute says the debt shall be treated as money, and the courts have no right to say it shall not be so treated."

But the court also said:

"While the debt must be treated as money in the executor's hands for the purposes of administration, it will not, for all purposes, stand on the same footing as if he has actually received such money. If wholly unable to pay the money in pursuance of the order or decree of the surrogate on account of his insolvency, he cannot be attached and punished for contempt as he could be if the money had actually been received from some other debtor."

In Baucus v. Barr, 45 Hun, 582, affirmed 107 N. Y. 624, 13 N. E. 939, in an action upon the bond of the same executor as in Baucus v. Stover, supra, for his failure to comply with a decree, it was held that if his sureties could show the insolvency of the executor, they would not be held liable for the breach of the bond.

In Keegan v. Smith, 60 App. Div. 168, 70 N. Y. Supp. 260, an action was brought by the next of kin of decedent, upon the bond of her administrator. A decree of the surrogate charged the administrator with his debt due to the intestate. The defendant claimed that the adminis-

trator being insolvent, and not being able to pay the debt, the surety was not liable. The court below did not pass, in terms, upon the question whether the administrator was insolvent; but did find that he had been charged with his debt by the surrogate in the decree rendered against him, and as a conclusion of law found that the administrator having been charged with these amounts, the surety was liable for his failure to pay. This court, after citing Baucus v. Stover, and Baucus v. Barr, supra, said:

"Where, therefore, an action is brought against a surety upon his bond, after the return of an execution unsatisfied, all that it is necessary for the plaintiff to do is to prove the decree of the surrogate in the proper way, and the other essentials necessary to charge the surety; and if the surety seeks to relieve himself from the liability which is prima facie imposed upon him, the duty is upon him to show that although presumptively the administrator is chargeable with the debt, as for so much money in his hands, and has been so charged in the decree, yet, as a matter of fact, he cannot pay it, and he is not guilty of a default, and that, therefore, the surety is not liable. * * * The burden of the proof was upon the surety. The decree was conclusive upon him, and he was liable for the default of the administrator, unless he showed that the administrator was unable to pay, and consequently unable to perform the decree of the surrogate as directed. If he desired to prove that fact, he must obtain a finding, and unless there was a finding in that regard, there was nothing to excuse him from his liability upon the decree of the surrogate."

In that case, the trial court did not make a finding that the administrator was able to pay the debt, but this court said:

"Such a finding was not necessary to sustain the judgment; but if it had been, the rule is settled that the evidence may be referred to, to see whether there was sufficient proof to warrant it, although it was not made, and if there is sufficient, the judgment will be sustained, although the finding is not actually made by the court. But while the court is at liberty to examine the evidence to see whether there was sufficient proof to sustain the decision, it is not at liberty to examine the evidence to see whether there was testimony to supply a finding to reverse the judgment."

Applying those propositions to the case at bar, it is clear that the decree was conclusive upon the executor that the money was in his hands; and upon proof of default, the case was made out and the order followed, unless the executor sustained the burden of showing his inability to pay. There is no finding in the order either way. It was not necessary that there should be a finding that he was unable to pay; but if there were such necessity, we are authorized to look into the evidence for the purpose of seeing whether there is enough to sustain such a finding. Looking into the affidavits upon both sides, and weighing the circumstances disclosed, we are of the opinion that the executor has not sustained the burden of showing his financial inability. The fact that he made no such claim during the long years of the protracted litigation conducted by him, his mode of life, and the paucity of facts to sustain the conclusions set up by him, taken with the facts set forth by the moving party, satisfy us that the order of the surrogate was proper.

If, as matter of fact, the executor is really unable to pay the amount imposed as a fine for his default, the provisions of section 2286 of the Code of Civil Procedure may be invoked. That section provides that:

"Where an offender, imprisoned as prescribed in this title, is unable to * * * pay the sum * * * required to be paid * * * in order to entitle him to be released, the court * * * may in its * * * discretion, and upon such terms as justice requires, make an order directing him to be discharged from imprisonment."

The order appealed from should be affirmed, with costs. All concur.