---

(161 App. Div. 525)

### In re SCHEUER et al.

(Supreme Court, Appellate Division, First Department.   March 20, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 241\*)—CLAIMS—PAYMENT—CONTEMPT.

    Under Code Civ. Proc. § 2552, providing that a decree directing payment by an executor, administrator, or testamentary trustee is, except on appeal therefrom, conclusive evidence of sufficient assets in his hands to make such payment, and section 2555, providing for enforcing a decree for payment of money by an executor by contempt proceedings, a final decree ordering executors to pay to themselves as trustees a certain sum was conclusive that there was sufficient assets in the executors' hands to pay the sum, and, if they did not pay, they were liable as for a contempt.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 827, 849; Dec. Dig. § 241.\*]

Appeal from Surrogate's Court, New York County.

Accounting by Max Scheuer and Ralph Scheuer, as executors of Simon Scheuer, deceased. From an order of the Surrogate's Court adjudging Ralph Scheuer guilty of contempt, he appeals. Affirmed. See, also, 146 N. Y. Supp. 709.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Olcott, Gruber, Bonynge & McManus, of New York City (Walter E. Ernst, of New York City, of counsel), for appellant.

Thomas E. Rush, of New York City (Effingham N. Dodge, of New York City, of counsel), for respondent.

CLARKE, J.   The executors under the last will and testament of Simon Scheuer, deceased, having filed their accounts, to which ob-

---

jections were interposed, reference was had and a final decree entered confirming the report of the referee. It was specifically adjudged that:

"The pretended sale of the business recited in the said account was fraudulent and against the interest of the parties to the accounting, and was a conversion by the said executors to their own use of the same, and that the account of the said executors be surcharged" in certain specified amounts.

It was further ordered:

"That the executors pay over to themselves as trustees for the benefit of Sarah Friedman the sum of $28,374.05, to be held by said trustees pursuant to the terms of the will of Simon Scheuer, deceased, and that said trustees pay unto Sarah Friedman the accrued annual income thereof, pursuant to said will, with interest thereon, being the sum of $47,046.69, less $17,000 paid to said Sarah Friedman to date hereof, to wit, the sum of $30,046.69, within 20 days from the service of a copy of this decree, with notice of entry thereof, upon the said trustees."

No appeal has been taken from said decree. Due service thereof and demand was made upon the appellant, Ralph Scheuer. Subsequently proceedings were instituted by an order to show cause to punish him for contempt, resulting in the order appealed from. This order adjudges and determines "that the said Ralph Scheuer is guilty of a contempt of court in having willfully disobeyed" said decree, "in that he has wholly and willfully refused and neglected to pay upon, and after due demand, the said sum of $30,046.69; * * * that said misconduct, refusal, neglect, and disobedience were calculated to and actually did defeat, impair, impede, and prejudice the rights and remedies of the said Sarah Friedman to her actual loss and injury" in the said sum; "that the said Scheuer for said misconduct is hereby fined" the said sum; and that a warrant be issued to the sheriff commanding him to take the body of said Scheuer and commit him to the common jail and to keep him therein under his custody until he shall pay said fine with interest thereon from April 25, 1913, to the said Sarah Friedman.

Section 2552 of the Code of Civil Procedure provides that:

"A decree, directing payment by an executor, administrator, or testamentary trustee, to a creditor of, or a person interested in, the estate or fund, * * * is, except on an appeal therefrom, conclusive evidence that there are sufficient assets in his hands, to satisfy the sum which the decree directs him to pay. * * * *"

Section 2555 thereof provides that:

"In either of the following cases, a decree of a Surrogate's Court, directing the payment of money, or requiring the performance of any other act, may be enforced, by serving a certified copy thereof upon the party against whom it is rendered, or the officer or person who is required thereby, or by law, to obey it; and if he refuses or willfully neglects to obey it, by punishing him for a contempt of court: * * * (4) Where the delinquent is an executor, administrator, guardian, or testamentary trustee, and the decree relates to the fund or estate, in which case the surrogate may enforce the decree as prescribed in this section, either without issuing an execution, or after the return of an execution, as he thinks proper."

Therefore the final decree is declared to be conclusive evidence that there are sufficient assets in the executor's or testamentary trustee's hands to pay the sum decreed, and if he does not pay he is liable as

for a contempt. Matter of Strong, 111 App. Div. 281, 97 N. Y. Supp. 459, affirmed 186 N. Y. 584, 79 N. E. 1116.

The proceedings to charge the appellant with contempt having been regularly conducted, there is presented for consideration the question only whether the court had jurisdiction to make the order with which his disobedience was charged. Matter of Pye, 18 App. Div. 306, 46 N. Y. Supp. 350, affirmed on opinion below 154 N. Y. 773, 49 N. E. 1103. No question is raised as to the jurisdiction of the Surrogate's Court to make the decree.

The decree at bar not having been appealed from, the order adjudging the appellant guilty of contempt for his willful disobedience thereof was made by the surrogate in the exercise of his discretion and clearly within his express power.

The order appealed from should be affirmed, with $10 costs and disbursements to the respondent. All concur.