In the Matter of the Estate of JAMES C. GARRITY, Deceased.

Surrogate's Court, Kings County, October 16, 1933.

*Hirson & Bertini*, for James J. Mallen, creditor.

*Seymour W. Finkelstein*, for James C. Garrity, Jr., executor.

WINGATE, S. The application to punish the respondent for contempt for failure to pay the sums directed by the final decree must be granted. (Surr. Ct. Act, § 84, subd. 4.) The entry of the decree from which no appeal has been taken, and the time to appeal from which has expired, conclusively demonstrate the possession by the executor of assets applicable to the payments directed. (Surr. Ct. Act, § 79; *Matter of Strong*, 111 App. Div. 281, 284; affd., 186 N. Y. 584; *Matter of Scheuer*, 161 App. Div. 525, 527.)

The answer of the respondent sets forth merely that he is unable to pay. Such a defense is authoritatively demolished by the language of the court in *Schmohl* v. *Phillips* (138 App. Div. 279, 280) which reads: " The only answer to the motion was defendant's financial inability to comply with its terms. The motion could not be defeated in this way. Whether the defendant should remove the materials referred to and restore the land to the condition in which it was at the time he leased it was finally settled and determined by the judgment, and it could not thereafter be changed or modified except by an appeal or by an application in a proper action or proceeding to set it aside, or to the justice presiding at the trial to modify it. The order appealed from, in effect, modified the judgment by striking therefrom the provision referred to, since the plaintiff now can obtain no relief under that provision. The General Rules of Practice, as well as the orderly administration of justice, do not permit a judgment to be destroyed in this way. The motion should have been granted, and the question of defendant's ability to comply with it determined upon his motion to be discharged from imprisonment as provided in section 775 of the Judiciary Law (Consol. Laws, chap. 30; Laws of 1909, chap. 35). (*Wheelock* v. *Noonan*, 55 N. Y. Super. Ct. 302; *Ryckman* v. *Ryckman*, 34 Hun, 235; *Matter of Strong*, 111 App. Div. 281; affd., 186 N. Y. 584.) "

If, after incarceration, the respondent is able to demonstrate his utter inability to pay and that his own misconduct has not contributed to this condition, his release may be granted. The applicable law in this regard was recently reviewed by this court in *Matter of Cooke* (148 Misc. 768), but the questions therein considered are not presently pertinent.

Proceed accordingly.