■ In the Matter of the Estate of SILAS H. RHODES, Deceased. ANTHONY P. RHODES et al., Appellants; STEVEN RHODES et al., Respondents. [908 NYS2d 599]—In a probate proceeding in which Anthony P. Rhodes and David Rhodes, among others, petitioned for a will construction regarding the apportionment of estate taxes, Anthony P. Rhodes and David Rhodes appeal from so much of a decree of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), dated April 16, 2009, as directed that any deficiency in the payment of taxes from the residuary estate shall be paid from the interests bequeathed under article fourth of the decedent's last will and testament.

Motion by Jennifer Rhodes and Benjamin Rhodes, inter alia, to dismiss the appeal on the ground, among other things, that the appellants are not aggrieved by the portion of the decree appealed from. By decision and order on motion of this Court dated March 24, 2010, that branch of the motion which was to dismiss the appeal on the ground, inter alia, that the appellants are not aggrieved by the decree appealed from was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to dismiss the appeal on the ground, inter alia, that the appellants are not aggrieved by the portion of the decree appealed from is granted; and it is further,

Ordered that the appeal is dismissed, without costs or disbursements.

Since the appellants effectively defaulted in the underlying

proceeding, they are not aggrieved by the portion of the decree which was entered upon their default. Accordingly, the appeal must be dismissed (*see* CPLR 5511). Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.