■ In the Matter of E. & H. GOLDSTEIN FAMILY TRUST. KENNETH J. GOLDSTEIN, Respondent; NORMAN GOLDSTEIN, Appellant. MARVIN S. GOLDSTEIN, Respondent. [916 NYS2d 223]—

In a proceeding to judicially settle the final account of a trust, Norman Goldstein appeals, as limited by his brief, from stated portions of a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated October 27, 2009, which, inter alia, awarded the petitioner an attorney's fee for services rendered in connection with the petitioner's account.

Ordered that the appeal is dismissed, with costs, payable by Norman Goldstein personally.

The petitioner, Kenneth J. Goldstein, commenced this proceeding in July 2008 to judicially settle his account as a cotrustee of the E. & H. Goldstein Family Trust (hereinafter the trust), which terminated upon the grantor's death on April 11, 2002. The petitioner's account reflected, inter alia, a charge for legal expenses for services provided by his attorneys in connection with the preparation of the account, which was supported with a detailed affidavit of services and contemporaneous time records.

Under the terms of the trust, the petitioner and his brothers, Norman Goldstein (hereinafter the appellant) and Marvin S. Goldstein (hereinafter together the trustees), were appointed the cotrustees of the trust. The trust granted the trustees the power, "in their sole and absolute discretion" to, inter alia, "employ and compensate investment advisors, counsel, accountants and agents," and authorized the trustees to render

their account at any time, with the expenses of such accounting to be a proper charge against the trust. The trust also provided for all decisions regarding the trust to be made by a majority of trustees at any time in which more than one trustee was serving.

The appellant defaulted in this accounting proceeding by, inter alia, failing to file objections to the petitioner's account (*see Matter of Curtis*, 16 AD3d 725, 726 [2005]; *Matter of Dix*, 201 NYS2d 299, 303 [1960], *affd* 11 AD2d 555 [1960]; *Matter of McClatchey*, 170 Misc 696, 699 [1939]; *Matter of Kananack*, 155 Misc 35, 37 [1935]). As a party may not appeal from any order or judgment entered upon that party's default, the appeal must be dismissed (*see* CPLR 5511; *Matter of Rhodes*, 77 AD3d 760 [2010]; *Bacchus v City of New York*, 63 AD3d 768 [2009]; *Matter of Kondratyeva v Yapi*, 13 AD3d 376 [2004]).

To the extent that Marvin S. Goldstein (hereinafter Marvin) purports to join in the brief filed by the appellant, no notice of appeal was filed on behalf of Marvin. Accordingly, the issues raised on behalf of Marvin have not been considered (*see* CPLR 5515 [1]; *State of New York v Mappa*, 78 AD3d 926 [2010]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.