In the Matter of ELAINE SKOLNICK, Also Known as ELAINE S. SKOLNICK, Deceased. STACY ROSS, Appellant; JACLYN SKOLNICK, Respondent. [970 NYS2d 62]—

In a probate proceeding in which Stacy Ross petitioned, inter alia, to vacate a decree of the Surrogate's Court, Rockland County (Walsh II, S.), dated September 23, 2008, entered upon her failure to appear or answer, Stacy Ross appeals from (1) an order of the same court dated August 29, 2008, which granted the motion of the proponent Jaclyn Skolnick for leave to serve her by mail pursuant to SCPA 307 (3) (b), (2) the decree dated September 23, 2008, which, upon her default, admitted to probate, without contest, an instrument dated April 10, 2007,

purported to be the last will and testament of the decedent, and directed the issuance of letters testamentary, (3) an order of the same court dated August 9, 2010, which, among other things, directed a hearing on her petition, inter alia, to vacate the decree dated September 23, 2008, entered upon her default, (4) an order of the same court dated August 19, 2011, which, after the hearing, directed the denial of her petition, and (5) a decree of the same court dated October 3, 2011, which, upon the order dated August 19, 2011, denied her petition.

Ordered that the appeals from the intermediate orders dated August 29, 2008, August 9, 2010, and August 19, 2011, and the appeal from the decree dated September 23, 2008, are dismissed; and it is further,

Ordered that the decree dated October 3, 2011, is reversed, on the law, the order dated August 19, 2011, is vacated, the petition of Stacy Ross is granted, the decree dated September 23, 2008, is vacated, and the matter is remitted to the Surrogate's Court, Rockland County, for the scheduling of examinations pursuant to SCPA 1404 (4) with respect to the instrument dated April 10, 2007, and the time for all interested parties to file any objections is extended until 10 days after the completion of the last of such examinations; and it is further,

Ordered that one bill of costs is awarded to the appellant, payable by the respondent Jaclyn Skolnick.

The appeal from the intermediate order dated August 29, 2008, must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree dated September 23, 2008 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The appeal from the decree dated September 23, 2008, must be dismissed because no appeal lies from a decree entered upon the default of the appealing party (*see* CPLR 5511; *Matter of E. & H. Goldstein Family Trust*, 81 AD3d 728, 729 [2011]). The appeals from the intermediate orders dated August 9, 2010, and August 19, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree dated October 3, 2011 (*see Matter of Aho*, 39 NY2d at 248). The issues raised on the appeals from the intermediate orders dated August 9, 2010, and August 19, 2011, are brought up for review and have been considered on the appeal from the decree dated October 3, 2011 (*see* CPLR 5501 [a] [1]).

Elaine Skolnick, also known as Elaine S. Skolnick (hereinafter the decedent), died on June 4, 2008, survived by her four daughters. On July 16, 2008, Jaclyn Skolnick (herinafter Jaclyn), one of the decedent's daughters, along with Ronald M. Winkler, the decedent's accountant, filed a petition to admit to

probate an instrument dated April 10, 2007, purportedly the decedent's last will and testament. The Surrogate's Court issued a probate citation, among other things, directing the decedent's three other daughters to appear if they had any objections to probate.

Subsequently, Jaclyn moved pursuant to SCPA 307 (3) (b) for leave to serve the decedent's daughter Stacy Ross with the citation by regular and certified mail, return receipt requested, contending that the process server had been unable to serve Ross by personal delivery despite due diligence. In support of her motion, Jaclyn submitted the affidavit of process server Les Debel. In his affidavit, dated August 18, 2008, Debel stated that on three occasions in August 2008, he attempted to serve the citation on Ross at her home in Sloatsburg, New York, which is located in a gated community. On each attempt, the security guard called the house and, upon receiving no answer, the security guard refused to allow Debel to enter the community. Debel further stated that he obtained Ross's phone number from a relative, and upon calling that number, spoke to Ross's husband, who stated that the family was away on vacation in Long Beach Island, New Jersey, and would be returning sometime in late September.

In an order dated August 29, 2008, the Surrogate's Court granted Jaclyn's motion, and permitted a supplemental citation to be served on Ross by mailing two copies of the supplemental citation to Ross's address in Sloatsburg, one by regular mail with certificate of mailing and one by certified mail, return receipt requested. According to an affidavit of process server Eileen M. Reynolds, she mailed the two copies of the supplemental citation pursuant to the order dated August 29, 2008, but the copy sent by certified mail was returned to sender on September 19, 2008, as it was not claimed by the addressee. Ross did not answer or appear on the return date of the supplemental citation and, upon her default, the Surrogate's Court issued a decree dated September 23, 2008, admitting the instrument to probate without contest.

In a petition dated February 9, 2010, Ross requested, inter alia, that the decree dated September 23, 2008, be vacated on the ground that she was not properly served with the supplemental citation and, thus, the court never obtained personal jurisdiction over her. In support of her petition, Ross submitted, inter alia, a report from a forensic document examiner, in which the examiner concluded, based on a computer analysis of the decedent's signature on other documents, that the signature on the April 10, 2007, instrument was "fraudulent."

The Surrogate's Court should have granted Ross's petition. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]). In making a determination as to whether notice is "reasonably calculated," the unique information about an intended recipient must be considered, "regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case" (*Jones v Flowers*, 547 US 220, 230 [2006]). Here, given that the Surrogate's Court was aware that Ross and her family would be away from her home in Sloatsburg until sometime in late September 2008, and was vacationing in Long Beach Island during that time, and given that there was no indication that Ross's address in Long Beach Island was unavailable, in order for notice of the probate proceeding to be reasonably calculated to reach Ross, the Surrogate's Court should have at least directed that the supplemental citation be mailed to Ross's address in Long Beach Island, instead of solely directing that the supplemental citation be mailed to Ross's address in Sloatsburg.

In light of our determination, we need not reach Ross's remaining contentions. Mastro, J.P., Chambers, Hall and Lott, JJ., concur.