*624 In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of three orders of fact-finding and disposition of the Family Court, Queens County (McGowan, J.) (one as to each child), all dated May 3, 2012, as, after fact-finding and dispositional hearings, denied her motion to vacate her default in appearing for cross-examination at the fact-finding hearing and the finding that she permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the children to the New York City Children’s Services and the New York Foundling Hospital for the purpose of adoption.
Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.
The mother failed to appear in court for cross-examination during a fact-finding hearing. Thereafter, the Family Court struck her direct testimony, found that she permanently neglected the subject children, and proceeded to a dispositional hearing. During the dispositional hearing, the mother’s counsel moved to vacate her default and the finding of permanent neglect, and requested a continuation of the fact-finding hearing. The Family Court denied the motion and continued the dispositional hearing. At the conclusion of the dispositional hearing, the court determined that it was in the best interests of the children to terminate the mother’s parental rights.
While conceding that she was in default by failing to appear in court for cross examination, the mother contends that the court should have granted that branch of her motion which was to vacate her default because she had a reasonable excuse for failing to appear and a potentially meritorious defense. Contrary to the mother’s contention, she did not meet her burden of establishing a potentially meritorious defense to the proceeding. Under the circumstances of this case, the mother’s rehabilitative efforts do not constitute a potentially meritorious defense (see Matter of Adam S., 287 AD2d 723, 724 [2001]; Matter of Samantha P., 297 AD2d 348 [2002]). Accordingly, the Family Court properly denied that branch of the mother’s motion which was to vacate her default.
In any event, even considering the mother’s direct testimony that was stricken as a result of her default, the Family Court did not err in finding that she permanently neglected the chil *625 dren. The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and the subject children (see Social Services Law § 384-b; Matter of Jewels E.R. [Julien R.], 104 AD3d 773 [2013]). These efforts included setting up meetings with the mother to review the service plan, discussing the importance of compliance with that plan, providing referrals to the mother for substance abuse treatment, parenting classes and nutrition classes, discussing with the mother the importance of obtaining suitable housing, assisting the mother with her housing application, and scheduling visitation between the mother and the children (see Matter of B. Mc. [Dawn Mc.], 99 AD3d 713, 714 [2012]; Matter of Hadiyyah J.M. [Fatima D.R.], 91 AD3d 874, 874-875 [2012]; Matter of Ailayah Shawneque L., 40 AD3d 1097 [2007]). Despite these efforts, the mother failed to plan for the children’s futures (see Matter of Teshana Tracey T. [Janet T.], 71 AD3d 1032, 1034 [2010]; Matter of Sorin P., 58 AD3d 743, 744 [2009]; Matter of Amy B., 37 AD3d 600, 601 [2007]).
Furthermore, under the circumstances of this case, the Family Court properly determined that it was in the best interests of the children to terminate the mother’s parental rights. Termination of parental rights will free the children for adoption, providing them with the opportunity to have a permanent family (see Matter of Michael B., 80 NY2d 299, 310 [1992]; Matter of Megan L.G.H. [Theresa G.H.], 102 AD3d 869, 870 [2013]). Moreover, contrary to the mother’s contention, a suspended judgment was not appropriate in light of the mother’s lack of insight into her problems and her failure to acknowledge and address some of the issues which led to the children’s removal in the first instance (see Matter of Christopher T. [Margarita V.], 94 AD3d 900, 901 [2012]; Matter of Shaolin E.P. [Jettris P.], 91 AD3d 954, 955 [2012]).
The father filed a brief in which he challenges the Family Court’s finding of permanent neglect against him and the termination of his parental rights. However, he did not file a notice of appeal. Accordingly, the issues raised by him have not been considered (see CPLR 5515 [1]; Matter of E. & H. Goldstein Family Trust, 81 AD3d 728, 729 [2011]; State of New York v Mappa, 78 AD3d 926, 927 [2010]; Matter of Gadson v New York State Dept. of Parole, 63 AD3d 1158 [2009]; Matter of Nationwide Ins. Enter. v Harris, 44 AD3d 947, 949 [2007]; NYCTL 1998-1 Trust v Prol Props. Corp., 308 AD2d 478, 479 [2003]). Rivera, J.E, Dillon, Roman and Miller, JJ., concur.