■ In the Matter of PAMELA S. WASSERSTEIN et al., Respondents, v ERIN MCCARTHY, Appellant. In the Matter of ELLIS JONES, Respondent, v ERIN MCCARTHY, Appellant. In the Matter of PAMELA S. WASSERSTEIN et al., Respondents, v ERIN MCCARTHY, Appellant. [46 NYS3d 414]—Appeals from decrees, Surrogate's Court, New York County (Nora S. Anderson, S.), entered on or about May 22, 2015, which approved petitioner trustees' proposed distributions, unanimously dismissed, without costs, as taken from nonappealable decrees.

Respondent failed to file objections to petitioners' accounts, thereby defaulting in this proceeding (*see Matter of E. & H. Goldstein Family Trust*, 81 AD3d 728 [2d Dept 2011]). No appeal lies from an order entered upon default (CPLR 5511; *see e.g. Matter of Dietz*, 29 NY2d 915 [1972]; *Goldstein*, 81 AD3d at 729). Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALO ABLAKATOV, Appellant. [46 NYS3d 415]—

Appeal from judgment, Supreme Court, New York County (Gregory Carro, J.), rendered December 9, 2009, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him to a term of 2½ years, held in abeyance, and the matter remanded for further proceedings in accordance herewith.

As the People concede, because the court did not warn defendant of the deportation consequences of his guilty plea, he should be afforded the opportunity to move to vacate his plea upon a showing that there is a reasonable probability that he would not have pleaded guilty had the court advised him of the possibility of deportation (*People v Peque*, 22 NY3d 168, 198 [2013], *cert denied sub nom. Thomas v New York*, 574 US —, 135 S Ct 90 [2014]). Accordingly, we remit for the remedy set forth in *Peque* (22 NY3d at 200-201). Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.