allegation that the plaintiff was a corporation, and the action was by an incorporated bank, was held bad in Bank v. Donnell, 40 N. Y. 410, affirming 41 Barb. 571. In all these cases it did not appear that the parties were not within the condemnation of the statute because of affirmative allegation. Unless, therefore, it affirmatively appear that the status of the individual or corporation or party be not what, of necessity, it ought to be, or, in other words, when it does not affirmatively appear that he, she, or it is anything else than what it ought to be, then the statute will not condemn the pleading, and the demurrer will not lie, and this, we think, would apply to a question of residence as well as to any other thing necessary to be alleged. It was said in Gervais v. Railroad Co. (Sup.) 13 N. Y. Supp. 589, that, where the supreme court has jurisdiction of the subject-matter of an action against a foreign corporation, the objection that it has not jurisdiction of the person of the defendant, for the reason that the plaintiff is a nonresident, cannot be taken by demurrer, where the nonresidence of the plaintiff does not appear on the face of the complaint; and in Fisher v. Insurance Co., 52 N. Y. Super. Ct. 179, that a demurrer is not well taken unless the fact showing want of jurisdiction affirmatively appears, and therefore a complaint, in an action against a foreign corporation upon a contract which does not show where the contract was made, executed, or delivered, is not demurrable for want of jurisdiction either of the person or the subject-matter. In addition to what we have said above, this court has uniformly held that, in order to confer jurisdiction, it is not necessary, in a case like the one at bar, that it affirmatively appear in the pleadings that a plaintiff is a resident. It is sufficient if it do not affirmatively appear that he was not such resident; and this ruling appears to be in harmony with the cases heretofore cited. It follows from this reasoning that the final and interlocutory judgments appealed from must be reversed, and the demurrer overruled, with costs to the plaintiff, with leave, however, to the defendant to answer, on payment of costs, within 10 days after service of a copy of the order of reversal herein.

FITZSIMONS, C. J., concurs.

---

### In re DELSALSE et al.

(City Court of New York, General Term. March 6, 1899.)

SUPPLEMENTARY PROCEEDINGS—NONRESIDENTS—AFFIDAVITS—CONCLUSIONS.

Affidavits on behalf of a judgment debtor, in apparent contempt of an order for his examination, that he was not a resident when the order was served on him, are insufficient to justify the contempt, unless facts are set out which warrant the court in sustaining the conclusion of nonresidence.

Appeal from special term.

Application of F. Delsalse and others, creditors, for the examination of Martin Cassidy, judgment debtor, in proceedings supplementary to execution. The debtor was adjudged in contempt for

disregard of the order for his examination, and he appeals.   Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCHMAN, JJ.

Frank J. McBarron, for appellant.
Blumenstiel & Hirsch, for respondents.

PER CURIAM.   The order adjudging the debtor herein guilty of contempt must be affirmed.   The only reason offered by him in justification of his contempt was that at the time of the service upon him of the order for his examination as a judgment debtor he was a nonresident.   In support of his contention he submitted his own affidavit and the affidavits of several others, in which the following conclusion is set forth: "He is not now, and has not been for a period of three years or more, a resident of the city and county of New York, but resides without said city and county."   The special term justice was right in disregarding this conclusion.   It alleged no facts which would justify said justice in sustaining the debtor's conclusion.   It was for the court to decide whether the debtor was a nonresident, based upon facts presented by the debtor.   He had no right to assume this judicial function.

The order appealed from is affirmed, with costs, with leave, however, to the debtor to appear and submit to examination, upon payment of costs herein, and also the costs of appeal from the order of December 9, 1898.   Upon complying with these terms, the fine of $250 will be remitted.

---

DUPIGNAC v. QUICK.

(City Court of New York, General Term.   March 6, 1899.)

1. ACTION ON LOST NOTE.
   Plaintiff need not allege the loss of a note sued on.
2. SAME—TENDER OF BOND.
   In an action on a lost note, plaintiff is not bound to offer the bond required by Code Civ. Proc. § 1917, until the trial.

Appeal from trial term.

Action by Frank J. Dupignac, as committee, against August Quick, on a lost note.   Judgment for plaintiff.   Defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Loftus & Caffrey, for appellant.
Henry B. Culver, for respondent.

PER CURIAM.   We think that the tender upon the trial of the bond offered and approved by the court was sufficient.   See Code Civ. Proc. § 1917.   The plaintiff was not bound in his complaint to allege the loss of the note sued upon, nor was he bound to offer sooner than he did in this instance the bond mentioned.

Judgment affirmed, with costs.

56 N.Y.S.—25