### SCHMOHL v. PHILLIPS.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

INJUNCTION (§ 225*)—DISOBEDIENCE TO MANDATE—DEFENSE—FINANCIAL INABILITY TO OBEY.

Where an injunction decree required defendant to remove certain dirt from a lot and restore it to the condition in which it was when leased to him by plaintiff, a motion to punish him for contempt for failure to do so could not be defeated by a claim of financial inability to obey the decree; the proper procedure being to grant the motion and determine his inability to comply with the decree upon his motion to be discharged as provided by the judiciary law (Consol. Laws, c. 30) § 775, permitting the court in its discretion to make an order directing an offender to be discharged from imprisonment where he is unable to perform the act required.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 225.*]

Appeal from Special Term, New York County.

Action by William H. Schmohl against James J. Phillips. From an order denying a motion to punish defendant for contempt of court, plaintiff appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Harris Wilson, for appellant.
Joseph A. Fagnant, for respondent.

McLAUGHLIN, J. Plaintiff leased to the defendant a parcel of land in the city of New York to be used as a tennis court and skating rink. Instead of using it for that purpose, the defendant used it to store dirt, rocks, and rubbish, and the action was brought to restrain him from so using it, and to compel him to remove the materials placed thereon. Plaintiff had a judgment, which provided, among other things, as follows:

It is "further ordered, adjudged, and decreed that the defendant forthwith remove the dirt, rocks, and rubbish placed by him upon the said lots and rebuild the fence and restore said premises to the condition in which they were at the time of making the lease set out in the complaint herein."

---

[1] 54 L. Ed. —.

A copy of the judgment was served upon the defendant, together with a notice of its entry, and also upon his attorney. The defendant having failed to comply with the provision of the judgment quoted, plaintiff thereupon made a motion to punish him for contempt. The motion was denied, and he appeals.

The only answer to the motion was defendant's financial inability to comply with its terms. The motion could not be defeated in this way. Whether the defendant should remove the materials referred to and restore the land to the condition in which it was at the time he leased it was finally settled and determined by the judgment, and it could not thereafter be changed or modified, except by an appeal or by an application in a proper action or proceeding to set it aside, or to the justice presiding at the trial to modify it. The order appealed from, in effect, modified the judgment by striking therefrom the provision referred to, since the plaintiff can now obtain no relief under that provision. The general rules of practice, as well as the orderly administration of justice, do not permit a judgment to be destroyed in this way. The motion should have been granted and the question of defendant's ability to comply with it determined upon his motion to be discharged from imprisonment as provided in section 775 of the judiciary law (Consol. Laws, c. 30). Wheelock v. Noonan, 55 N. Y. Super. Ct. 302; Ryckman v. Ryckman, 34 Hun, 235; Matter of Strong, 111 App. Div. 281, 97 N. Y. Supp. 459, affirmed 186 N. Y. 584, 79 N. E. 1116.

The order appealed from therefore is reversed, with $10 costs and disbursements, and the motion to punish the defendant for contempt granted, with $10 costs. All concur.