> The Judiciary Law (Laws 1909, c. 35; Consol. Laws, c. 30) § 775, provides that, where an offender imprisoned as prescribed herein cannot endure the imprisonment or perform the act required to entitle him to be released, the court may in its discretion direct him to be discharged. Appellant, an executor, was imprisoned for disobeying an order directing him and another executor to pay to themselves as trustees a certain sum pursuant to the will. Appellant is 53 years of age and was declared bankrupt in September, 1913, after which he was employed at a salary of $4,800 a year, until December 31, 1913, and he is not now employed and is shown by the affidavit of physicians to be suffering from serious disease, so that a continuation of his confinement will prove fatal in a comparatively short time. *Held*, that appellant should in the exercise of the court's discretion be discharged from imprisonment under the statute.

> [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 275–284; Dec. Dig. § 82.*]

Appeal from Special Term, New York County.

In the matter of the judicial settlement of the account of Max Scheuer and another, as executors of Simon Scheuer. From an order denying a motion for an order discharging Ralph Scheuer from the custody of the Sheriff and from an order denying a motion for reargument, Ralph Scheuer appeals. Order reversed and motion for discharge granted.

The executors were punished for contempt for disobedience of an order directing them to pay to themselves, as trustees, a certain sum pursuant to the will.

See, also, 146 N. Y. Supp. 707.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Olcott, Gruber, Bonynge & McManus, of New York City (Walter E. Ernst, of New York City, of counsel), for appellant.

Thomas E. Rush, of New York City (Effingham N. Dodge, of New York City, of counsel), for respondent.

CLARKE, J.   The appellant was taken into custody October 7, 1913, under a commitment issued by the surrogate upon the order adjudging him guilty of contempt, the appeal from which order was decided by the opinion handed down herewith.   146 N. Y. Supp. 707. On December 9, 1913, he made a motion to be released from custody upon the ground of his inability to pay and the precarious state of his health.   His motion was denied by an order made on the 19th of January, 1914, and a motion for reargument was denied by an order made on January 24, 1914, from which orders this appeal is taken.

In the Matter of Strong, 111 App. Div. 281, 97 N. Y. Supp. 459, affirmed 186 N. Y. 584, 79 N. E. 1116, this court said:

"If as a matter of fact the executor is really unable to pay the amount imposed as a fine for his default, the provisions of section 2286 of the Code of Civil Procedure may be invoked."

That section is now section 775 of the Judiciary Law (chapter 30, Consol. Laws, c. 35, Laws 1909), which provides as follows:

"Where an offender, imprisoned as prescribed in this article, is unable to endure the imprisonment, or to pay the sum, or perform the act or duty, required to be paid or performed, in order to entitle him to be released, the court, judge or referee * * * may, in its or his discretion, and upon such terms as justice requires, make an order, directing him to be discharged from the imprisonment."

It appears from the papers that the appellant is 53 years of age, that in 1912 the business of Simon Scheuer & Sons was petitioned into involuntary bankruptcy, and in September, 1913, the appellant filed a voluntary petition in bankruptcy.   Both Simon Scheuer & Sons, a corporation, and Ralph Scheuer, have received their discharges as bankrupts.   Thereafter he was employed as a traveling salesman and, as appears by the affidavit of one of his employers, at the rate of $4,-800 per year, but that said employment ceased on December 31, 1913, and appellant is not now in the employ of or in any way connected with said firm or has any interest whatsoever therein.   It appears by the affidavits of two physicians that he is suffering from arterio sclerosis, pains about the heart, vertigo, diabetes, and Bright's disease; that the symptoms clearly indicate that a continuation of the patient's enforced confinement will result in gradual exhaustion and blood poisoning, leading to stupor and coma; that his condition is most serious. The physician duly appointed to attend the jail corroborates the diagnosis of the appellant's attending physician and states:

"From his experience that the further confinement of the said appellant will undoubtedly lead to most serious and probably fatal results in a comparatively short time."

The appellant has now been confined for about five months.   He has lost his employment, he is in a serious physical condition, and his present inability to pay the fine which has been imposed upon him is

established.   There are other matters presented in the record unnecessary to enumerate, which tend to support our opinion that the case as presented comes within the purview of section 775 of the Judiciary Law, and that this court ought to exercise the power conferred, and that the appellant should be discharged·from imprisonment as unable to endure the same or to pay the sum required.

The order appealed from should be reversed, and the motion for his discharge granted, but, as the section referred to authorizes the court in its discretion to make such order upon such terms as justice requires, with leave to renew the application to punish as for a contempt, if the moving party can hereafter establish a change in his condition and ability to pay.   All concur.