## In the Matter of the Estate of MAY A. LENT, Deceased.

Surrogate's Court, Kings County, May 9, 1936.

*Mortimer H. Michaels*, for the petitioner, Thomas B. Lineburgh, as executor.

*Nathaniel Lesser*, for the respondent Arthur Isquith.

WINGATE, S. This is an application to punish the respondent by incarceration for failure to obey a decretal direction in a discovery proceeding to pay certain sums with which he was found chargeable. An interesting contention is made on his behalf that since he was not in the fiduciary class enumerated in section 79 of the Surrogate's Court Act, the decree itself is not evidence of his possession of assets sufficient to enable him to comply with the direction, and that, therefore, contumaciousness may not be imputed

to him in the absence of an affirmative demonstration of ability to comply with the direction and willful refusal so to do.

Unfortunately, like many other interesting questions which frequently make incidental appearance this has become unnecessary of decision by reason of other demonstrations of the record.

Section 775 of the Judiciary Law provides: "Where an offender, imprisoned as prescribed in this article, is unable to endure the imprisonment * * *. the court * * * may in its or his discretion, and upon such terms as justice requires, make an order, directing him to be discharged from the imprisonment."

Prior to April 9, 1936, controlling authority in the form of the determination of the Appellate Division for the First Department in *Schmohl* v. *Phillips* (138 App. Div. 279, 280) had enunciated the rule that although the factual situation disclosed on the application for punishment by incarceration was such that a release under the provisions of section 775 of the Judiciary Law would be called for if incarceration had actually occurred, yet it was obligatory upon the court to incarcerate and to require the respondent to make the subsequent express application for release.

In compliance with the dictates of *vis major* this court has uniformly applied this logically correct but practically anomalous and burdensome rule (*Matter of Garrity*, 149 Misc. 180; *Matter of Wax*, Id. 851), although in many other courts it was honored more in the breach than in observance.

During the current session of the Legislature, however, a bill was introduced at the suggestion of the executive committee of the Surrogates' Association of the State of New York, which added a new paragraph following subdivision 4 to section 84 of the Surrogate's Court Act, reading as follows: " Provided, however, that the surrogate may, in his discretion, refuse to punish any person for contempt of court, as authorized in this section, in an instance in which facts are demonstrated to his satisfaction which would justify a release of such person from imprisonment in accordance with the provisions of section seven hundred seventy-five of the Judiciary Law."

This bill passed both houses of the Legislature and was signed by the Governor, effective on April 9, 1936. (See Laws of 1936, chap. 338.)

The object of the introduction of the bill as recited in the note appended thereto upon its presentation and enactment was " for the purpose of correcting the situation created by the decision of *Schmohl* v. *Phillips*, 138 App. Div. 279, and other cases based upon its authority. Under the rule thus established, it is obligatory upon the court to imprison a respondent in spite of a demonstration of

pertinent circumstances which would require it to issue an order for release upon an application made immediately after the incarceration. Such a situation imposes needless hardship upon an unfortunate person, and involves a useless expense and waste of the time of the court, and should be corrected in the interest of substantial justice."

The sworn statement of a duly licensed physician which is a part of the present record, is wholly uncontroverted, and demonstrates that the respondent " is suffering from duodenal ulcer and chronic appendicitis " and is under the daily care of the deponent and requires his daily ministration. It further states the " honest opinion " of the physician " that such confinement may prove fatal to h'm."

This demonstration would be sufficient to warrant a release from confinement under the above-quoted portion of section 775 of the Judiciary Law (*Moore* v. *McMahon* 20 Hun, 44, 45; *Matter of Scheuer*, 161 App. Div. 528; *Matter of Cooke*, 148 Misc. 768, 773), wherefore the court in its discretionary power under chapter 338 of the Laws of 1936 will deny, without costs, the application for ncarceration

Enter order on notice in conformity herewith.