In the Matter of the Estate of CELIA SHERE, Also Known as CELIA BLYNDER, Also Known as CELIA BLINDER, Also Known as CELIA WEINGARTEN, Deceased.

Surrogate's Court, Kings County, April 19, 1937.

*William J. McArthur*, for the United States Fidelity and Guaranty Company, surety, petitioner.

*Blum & Jolles*, for the administrator, D. B. N. Walenty Tomczak, and for the Consul General of the Republic of Poland.

*Leo H. Klugherz*, for the respondent Harry Schwartzberg, former administrator.

WINGATE, S. By submission of this application for decision on the petition and answer alone, the petitioner in effect moves for judgment on the pleadings on the ground that the answer is insufficient in law. (*Matter of Murray*, 159 Misc. 865.)

The petition states a *prima facie* case for incarceration of the respondent for contempt for failure to comply with the directions of the decree dated April 9, 1936. The answer avers that the

respondent is suffering from pulmonary tuberculosis; that he has been advised by his physicians that his immediate hospitalization is essential and that his " death would closely follow in the event of " his " incarceration in prison." This is supported by a certificate of the physician in charge of the New York city department of health and by the affidavits of two other physicians.

Prior to April 9, 1936, it was the law that in situations as are disclosed by the present record it was incumbent upon the court to incarcerate the respondent even though an application for his release under the provisions of section 775 of the Judiciary Law must be granted immediately thereafter. Fortunately chapter 338 of the Laws of 1936 remedied this onerous and anomalous situation by the addition to section 84 of the Surrogate's Court Act of a provision exonerating the court from the performance of such an oppressive and futile act.

The situation of the respondent as disclosed in the answer is such as to authorize his release from incarceration under section 775 of the Judiciary Law (*Moore* v. *McMahon*, 20 Hun, 44, 45; *Matter of Scheuer*, 161 App. Div. 528; *Matter of Cooke*, 148 Misc. 768, 773), wherefore initial incarceration would be improper. (*Matter of Lent*, 159 Misc. 411, 412.)

The motion for judgment on the pleadings is accordingly denied. If the petitioner desires a hearing on the issue of fact tendered by the answer, the matter may be set down for this purpose on usual notice, otherwise the application will be denied.

Proceed in conformity herewith.