## (March 21, 1939.)

LUCY CIACCIA, Administratrix, etc., of DOMINICK CIACCIA, Deceased, Appellant, v. THE CITY OF NEW YORK, Respondent.— In an action to recover damages for the death of plaintiff's decedent by drowning because of the alleged negligence of the defendant, the issues were tried and submitted to the jury, which rendered a verdict in favor of the defendant upon which judgment has been entered. Plaintiff appeals therefrom. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

WILLIAM H. DOWNEY, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent, and Another, Defendant.— Plaintiff, a passenger on a trolley car owned and operated by respondent, sued to recover damages for personal injuries sustained when the car collided with a motor truck. Order setting aside verdict in favor of plaintiff and directing a new trial of the action unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

570 KOSCIUSKO REALTY CORP., Plaintiff, v. KINGDALE ESTATES, INC., and Others, Defendants. BERNARD R. CAHN, Receiver, Appellant; KINGDALE ESTATES, INC., INTERCITY MANAGEMENT CORPORATION, and CHARLES WALZER, Individually and as an Officer of Aforesaid Corporations, Respondents.— Appeal by a receiver of rents and profits in a foreclosure action from so much of a resettled order as denied appellant's application for an order directing the mortgagor and its officers and agents to turn over to the receiver the rents of the mortgaged premises collected by them for November, 1938. Order, as resettled, modified by striking out the last decretal paragraph thereof and by granting the motion for the payment to the appellant of the rents collected from the premises herein for the month of November, 1938, amounting to $2,514.50; and, as so modified, the order is affirmed, without costs. There can be no doubt that all the rents now claimed by the receiver were collected in anticipation of foreclosure and the appointment of a receiver. The receiver's title to the November rents collected in advance of their due date is unquestionable, without regard to alleged fraud. (*Metropolitan Life Ins. Co.* v. *Ten Park Ave. Corp.*, 266 N. Y. 416; *Prudence Co.* v. *160 W. 73d St. Corp.*, 260 id. 205, 213.) The justice at Special Term expressed the conclusion that the collection of all the rents in question was in fraud of the mortgagee and the receiver, and this conclusion is amply supported by the uncontroverted facts. The receiver, therefore, has title to the rents due November 1, 1938, and collected by the mortgagor on that day before the receiver qualified in the afternoon thereof. (*Ebling Co.* v. *Trinity Estates, Inc.*, 266 N. Y. 175, 179. See, also, Real Prop. Law, § 254, subd. 10.) Settle order providing for payment on notice. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.