FRED VICTOR, Plaintiff, *v.* CARL TURETZ, Appellant, et al., Defendants.

ABRAHAM J. HALPRIN, as Receiver of VICTUR SERVICE STATIONS, INC., Respondent.

First Department, June 4, 1943.

*Albert Mintzer* for appellant.

*Abraham J. Halprin,* respondent in person.

CALLAHAN, J. A corporation, Victur Service Stations, Inc., was formed by the plaintiff and defendant Turetz, to operate a gasoline station. The present action was brought by plaintiff as minority stockholder against Turetz (who held seventy-seven per cent of the stock) and others to compel repayment of certain corporate funds which Turetz had withdrawn in violation of his fiduciary duties as officer and director. The complaint also sought dissolution of the corporation and a distribution of its assets. After the entry of an interlocutory judgment which was affirmed by this court (258 App. Div. 953), an accounting was had before a referee, who found that Turetz should be directed to repay the sum of $4,319.81 to the corporation, which sum the referee found represented the proceeds of the sale of the corporate business. This sale had been brought about by Turetz without notice to the plaintiff. He had later paid himself a large part of the proceeds of the sale. Upon appeal (262 App. Div. 842) we modified this judgment to the extent of reducing the amount which Turetz was ordered to pay to the sum of $2,259.15. This reduction came about because we deemed it proper to give credit to Turetz for certain moneys which concededly he had paid out on behalf of the corporation. No credit had been allowed for these items by the referee or Special Term because of the existence of claims of creditors. The record disclosed that the claims of creditors were merely nominal, amounting to less than $400.

The final judgment entered herein directed the appointment of a receiver for the purpose of carrying out the dissolution of the corporation. The receiver was also directed to collect the moneys due from Turetz, as well as any sums due from the purchaser of the gasoline station. The receiver was to distribute the moneys so received to the creditors of the corporation, and to pay the surplus to plaintiff and defendant in accordance with their holdings.

After the final judgment was docketed herein, an execution was issued against defendant's property as if plaintiff had obtained a money judgment for the sum of $2,259.15. This

execution was returned unsatisfied. Thereafter motion was made to punish appellant for contempt, for his failure to repay the sum which he had been directed to pay by the judgment. This motion was granted, and the present appeal is from the order granting said relief.

The parties discuss at length the question as to whether this judgment is enforcible by contempt proceedings under section 505 of the Civil Practice Act. That section permits the enforcement of a judgment by contempt where it requires the payment of money to an officer of the court, except where the money is due upon a contract, express or implied, or as damages for nonperformance of a contract. There are two legal questions upon which the parties differ. The first is whether the receiver herein is an officer of the court within the meaning of section 505 in that he was appointed for the purpose of aiding in dissolution of the corporation, and in substance, if not in form, represented parties to the action.

The second question is whether the money due from the defendant arose upon a contractual obligation. We deem it is unnecessary to decide either of these questions.

Section 505 of the Civil Practice Act is derived from section 1241 of the Code of Civil Procedure. In *Cochrane* v. *Ingersoll* (73 N. Y. 613) the Court of Appeals in construing the former Code section (1241) held that the provision of the New Code (§ 1241), declaring that " a judgment may be enforced " in certain specified cases by punishing the judgment-debtor for a contempt, is not imperative; the judgment-creditor has no claim *de jure* that the power should be exercised. Its exercise is in the discretion of the court to which application is made.

Following the above decision, the Court of Appeals in *Nelson* v. *Hirsch* (264 N. Y. 316) dismissed an appeal involving a question of whether contempt was a proper remedy under section 505 of the Civil Practice Act, for the reason that the granting of an order punishing a defendant for contempt under that section was discretionary with the Supreme Court. In the case last cited, the action was one under subdivisions 1 and 2 of section 60 of the General Corporation Law to compel officers and directors to account and to pay to the corporation money belonging thereto, which had been misappropriated by one of the defendants.

It is clear, therefore, that a plaintiff in an action of the present nature is not entitled, as a matter of law, to an order committing a defendant for contempt, at least where no specific or particular existing fund has been directed to be paid over.

The circumstances disclosed in the present and former records on appeal in this case lead us to hold that the facts did not warrant Special Term exercising its discretion so as to grant a commitment for contempt. Apparently about $800 has already been collected from the purchaser of the gasoline station. Whether this is enough to pay creditors, after payment of legal expenses, does not appear. The money to be paid by Turetz would be largely distributed to the parties to the action, after payment of the expenses of litigation. Turetz himself would share in any balance to the extent of seventy-seven per cent thereof. The inability of Turetz to pay $2,259.15, with interest and costs, or any part thereof, has been demonstrated by the return of execution unsatisfied, and by the affidavits submitted in defendant's behalf. To commit him for contempt, under the circumstances, would be akin to imprisonment for nonpayment of money which would largely go to parties to the action, including himself, unless part of it was required to pay legal expenses. While defendant was a fiduciary in his relation to the corporation, the record discloses that the money which he withdrew from the corporation was the proceeds of the sale of the corporate property made by him after the plaintiff had abandoned the business.

Turetz claimed the right to sell the gasoline station because he owned more than seventy-five per cent of the capital stock. The moneys which he withdrew out of the proceeds of the sale were amounts which he asserted were due him for salaries for services rendered to the corporation. While the triers of the facts found that he was not entitled to all of the offsets which he asserted, it is clear that in the present case Turetz was guilty of no more than a breach of his duty as an officer and director in handling the affairs of the corporation.

The present case, therefore, is clearly distinguishable from that of *Gildersleeve* v. *Lester* (68 Hun 535, affd. on opinion below, 139 N. Y. 608) on which the respondent relies. There contempt was held available to enforce the payment of money to an officer of a court. It appeared that there had been a larceny by a trustee of funds in his custody. No such grievous wrongdoing was committed by the present appellant. Without further review of the authorities discussed in the briefs, we rest our decision upon our determination that in the valid exercise of its discretion the court at Special Term should have refused to commit appellant for contempt of court.

The order should be reversed and the motion denied.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed and motion denied.