Harold J. Crawford, J.
This is a motion by the receiver in an action to foreclose a mortgage to confirm the report of Honorable Samuel S. Trepp, Special Beferee, dated October 26, 1962, to whom I referred, to hear and report, the receiver’s motion to punish the defendant Harry Silverman for contempt of court in disobeying the orders of Mr. Justice Livoti dated respectively June 28 and July 20,1962.
Not only does the attorney for the defendant Harry Silverman urge the denial of confirmation and of the motion to punish on the merits, but he contends that the Special Beferee had no power, in the first place, to hear proof concerning the collection of rents prior to July 1,1962, because the order of reference used the words “ during the month of July, 1962 ” rather than “ for ” that month.
I am of the opinion that the Special Beferee properly heard testimony with respect to the rents collected for the month of July, 1962, particularly in view of the language contained in the order of July 20, 1962, which refers to the approximate amount of rents collected for the month of July, 1962, and the order to show cause, dated August 1, 1962, which clearly sought to punish Harry Silverman for contempt of court in collecting the *550 rents from the tenants of the apartment house under foreclosure for that month. To have sustained the objection of Mr. Silver-man’s attorney, the Special Referee would not only have aborted the hearing contemplated by the court, but would have unnecessarily inconvenienced the 48 witnesses, who were in the courtroom under subpoena at the first hearing, and of whom 47 testified that day only to be hailed back after the technical defect in the order had been corrected by resettlement. Form cannot be exalted over substance when, as here, the defendant Silverman was in no way prejudiced nor any of his substantial rights affected.
After exhaustively analyzing the facts adduced at the hearings before him, the learned Special Referee found “ that the total of $4,590.09 July, 1962 rents was paid to Mr. Silverman or to his wife Goldie Silverman on his behalf, or to the oEce, and that no part thereof was paid to the defendant Sil-Gold Corp., the mortgagor and owner of the premises under foreclosure. Of the total thus paid, the record shows that checks totalling $1,315.22 were deposited in the account of Harrigold Corp. with the Marine Midland Trust Company, Hillside Avenue, Jamaica Branch. Mrs. Silverman did not know ‘ why the rents were deposited under the name of Harrigold ’, nor did she know whether there was any other account that could be used to deposit the money; indeed, she answered í No ’ when asked ‘ There is no other account? ’ (S. M. 369-370).” He further found that of the $4,590.09 July rents collected as aforesaid
3 tenants paid a total of $215.17 on June 25, 1962;
3 tenants paid a total of 215.90 on June 26, 1962;
35 tenants paid a total of 2,728.41 on June 27, 1962;
10 tenants paid a total of 965.19 on June 28, 1962;
3 tenants paid a total of 290.39 on June 29, 1962;
1 tenant paid 95.08 on July 1, 1962;
1 tenant paid 55.20 on July 2, 1962; and
1 tenant paid a balance of 24.75 on July 3, 1962.
He then made the following recommendations:
(1) As to the alleged disobedience by the defendant, Harry Silverman, of the order dated June 28, 1962.
Except for the situation affecting the tenant, Van Haelst, there can be no doubt that a total of $4415.06 of the July 1962 rents was collected by Mr. Silver-man with the help of his wife (S.M. 370) between June 25 and June 29, 1962, inclusive, in advance of the law date for the payment of the July 1962 rents, in anticipation of foreclosure action and the appointment of a receiver therein.. An additional total of $150.28 was collected on July 1 and July 2, 1962, prior to the receiver’s qualification on July 2, 1962, when her undertaking filed with the Special Deputy County Clerk in charge of Special Term, Part II of this; court was approved. Whatever effect the collection of such rents may have on. the receiver’s right to have these monies turned over to her (Metropolitan Life *551 Ins. Co. v. Ten Park Ave. Corp., 266 N. Y. 416; 570 Kosciusko Realty Corp. V. Kingdale Estates, Inc., 256 App. Div. 997; Haupt v. Britt, 34 N Y S 2d 640, 641-642) she is not entitled to have Mr. Silverman punished for contempt for collecting them originally. A receiver of rents and profits in an action to foreclose a mortgage, although duly appointed, is not entitled to collect rents due and unpaid, until he has qualified (Dyker Heights Home for Blind Children V. Stolitzky, 250 App. Div. 229), and in collecting such rents prior to the receiver’s qualification, a defendant is not contumacious in so doing. (Manufacturers Trust Co. v. Sadenet Realty, Inc., 234 App. Div. 893; Morris v. Davis, 219 N Y S 2d 279.)
Accordingly, the receiver’s motion to punish Mr. Silverman for contempt of court for collecting the rents involved, contrary to the order dated June 28, 1962, should be denied, notwithstanding that on July 3, 1962, which is subsequent to the receiver’s qualification, he collected $24,75, the balance of one tenant’s July rent, which sum I regard as de minimis.
(2) As to the alleged disobedience by the defendant, Harry Silverman, of the order dated July 20,1962.
This order not only denied the defendants’ motion to vacate the order of June 28, 1962, but directed the defendant, Harry Silverman, to pay forthwith to the receiver “the sum received from the tenants of said premises approximately $5,000.00 in rent payments for the month of July 1962 * * It is because Mr. Silverman failed, as directed, to turn over such rent payments which I find total $4,590.09, that the receiver seeks to punish him for contempt.
Assuming merit to the contention of Mr. Silverman’s attorney that the personal service of a certified copy of the order dated July 20, 1962, upon his client was not established by competent proof, the fact remains that a copy was concededly served upon said attorney and Mr. Silverman and the other defendants associated with him took an appeal from that order and moved in the Appellate Division for a stay. It is clear, therefore, that Mr. Silverman had actual knowledge of the issuance of that order and the terms thereof and may, therefore, be punished for contempt in disobeying it. (Underhill v. Schenck, 205 App. Div. 182,183-184; Matter of Belanoff, 277 App. Div. 1056, 1057; Bishock v. Bishock, 280 App. Div. 830.)
Finally, it is contended by Mr. Silverman’s attorney, on the basis of the mortgage note and the mortgage sought to be foreclosed (Deft’s Exh. 2), that the receiver was not entitled to the July rents (S.M. 381-383) and that Special Term “ may look into the propriety of the order alleged to have been violated ” (Brief, p. 21). It is, indeed, true that upon a motion to punish for civil contempt as distinguished from criminal contempt, the court may consider the validity of the order sought to be enforced, but such an order cannot be collaterally attacked where, as here, it may be merely erroneous and the Appellate Division has already denied the eontemnor’s motion for a stay. As was stated by Mr. Justice Matthew M. Levy in People ex rel. Sabbeth v. Sabbeth (2 Misc 2d 593, 595): “ Of course, if the award were erroneous only, it cannot be collaterally attacked. For if he were aggrieved, the relator’s remedy was to appeal. (Cf. Tomoser v. Hegyi, 1 A D 2d 759.) But if the court were without jurisdiction to grant the allowance, no charge of contempt can be based thereon. (Bachman v. Harrington, 184 N. Y. 458; People ex rel. Lower v. Donovan, 135 N. Y. 76; cf. People ex rel. Cauffman v. Van Buren, 136 N. Y. 252; Matter of S. M. & J. Eisenstadt, Inc., v. Heffernan, 256 App. Div. 488, affd. 283 N. Y. 578.) ”
In summary, disobedience of a court order is not excusable because it is based on a claim of judicial error (Ketchum v. Edwards, 153 N. Y. 534, 538-539; Kobin v, Kobin, 2 A D 2d 961, 962,) A party who chooses to ignore a judicial *552 mandate, “ regular on its face, must accept the consequences if the order is sustained # * * ” (Matter of Cosmopolitan Mutual Casualty Co. v. Monarch Concrete Corp., 6 A D 2d 163, 167.) “ No system of law would remain workable if everyone had the right to exercise a safely independent judgment whether he would pay attention, or not, to the force of judicial process.” (Matter of Sverd v. Mostel, 283 App. Div. 128, 129.)
Accordingly, the defendant Harry Silverman should be adjudged in civil contempt of court for his failure to turn over to the receiver, as required by the order dated July 20, 1962, the sum of $4,590.09, the rent payments received from the tenants for the month of July 1962. He should be fined that amount, with leave to purge himself by paying same to the receiver within thirty days of the service upon his attorney of a copy of any order that Special Term may make granting the motion to punish.
I cannot recommend, however, the forthwith commitment to jail of this ill 77-year-old co'ntemnor should he fail to purge himself of his contempt, as aforesaid. Dr. Rappoport, who treated him for more than two years (S. M. 301) stated in his affidavit sworn to on October 4, 1962 (Receiver’s Exh. KKK) that “Mr. Harry Silverman is ill at home in bed treated by me for ulcerative colitis ” and, on the witness stand, that his condition was “ chronic and at the present time serious ” (S. M. 302). At the hearing in his home on October 11, 1962, Mr. Silverman was ill in bed and all present agreed that he was then in no condition to testify (S. M. 359, 361, 365-367).
To commit Mr. Silverman for contempt if he fails to purge himself and if his present condition of health has not improved by that time, would only result in his release pursuant to the provisions of section 775 of the Judiciary Law. Inasmuch as .it. is no longer necessary for a contemnor, unable to comply with an order, to be imprisoned, only to be released on motion (Matter of Chassman [Probyn], 1 Misc 2d 766), and contempt may be adjudicated but the punishment withheld until the facts relating thereto can be ascertained (Holahan v. Holahan, 234 App. Div. 572, 574), I recommend that should Mr. Silverman fail to purge himself within the period herein recommended, he should be committed only on motion, upon notice to his attorney, based on competent proof that he can then safetly endure imprisonment.
Much of the affidavit submitted in opposition concerns itself with the contention that the Justice who made the order dated July 20,1962, erred in directing the defendant Harry Silverman “to pay the sum received from the tenants of said premises approximately $5,000.00 in rent payments for the month of July 1962, in violation of the order of this court, to the court-appointed receiver, Maria J. Paliotti, forthwith.” It is well settled, however, that a Judge may not ordinarily disturb or overrule an order in the same action of another Judge of coordinate jurisdiction. The remedy is by appeal. (Tomoser v. Hegyi, 1 A D 2d 759.) Especially so, is it here, where the Appellate Division of the Second Department has denied the defendant’s motion for a stay pending appeal from the order dated July 20, 1962. (17 AD 2d 711.)
I am of the opinion that the findings and recommendations of the Special Beferee are amply supported by the record. They are confirmed and adopted by the court.
*553 Accordingly, so much of the receiver’s motion as seeks to punish the defendant Harry Silverman for contempt of court for disobeying the order dated June 28, 1962, is denied; so much of the motion as seeks to punish Mm for contempt of court for disobeying the order of July 20,1962, is granted, and he is found in civil contempt of court for Ms failure to turn over to the receiver the sum of $4,590.09, the rent payments received from the tenants for the month of July, 1962, and fined that amount. He may purge himself of such contempt by paying said sum to the receiver within 30 days of the service upon his attorney of a copy of the order to be entered hereon. Upon his failure to make such payment within the time herein provided, a motion to commit him may be made on notice, based on competent proof that he can then safely endure imprisonment.