OPINION OF THE COURT
Kenneth W. Rudolph, J.
Motion by defendants Pekofsky to vacate appointment of receiver and cross motion of receiver to compel defendants Pekofsky to turn over funds are determined as follows.
Defendants Hilda Pekofsky, individually, and Hilda Pekofsky and Nathan A. Pekofsky, trustees, as mortgagors, executed and delivered a mortgage consolidation, modification and extension agreement dated July 18, 1988 to Crossland Federal Savings Bank, plaintiff mortgagee.
The mortgage instrument, securing a loan of $4,000,000 on premises designated as A & H Mall, 250 West Route 59, Nanuet, New York, provides in paragraph 12 that "Mortgagor shall not, without prior written consent of Mortgagee * * * (i) cancel, terminate, or agree to cancel or terminate any lease of the premises”. This instrument provides certain exceptions to this rule which are not applicable to the case at bar.
On January 21, 1991, mortgagors entered into a 20-year lease agreement with Chi-Chi of New York, Inc. for valuable consideration.
In September/October 1993, the defendants defaulted in their obligations to the plaintiff, and in April 1994 plaintiff demanded payment of the entire indebtedness with interest and related expenses.
*154 At or about the same time (Apr. 1994) defendants entered into an agreement to terminate the lease agreement with Chi-Chi of New York, Inc. without the prior written consent of the plaintiff as required by the terms of the mortgage instrument aforesaid. Defendants’ argument that the cancellation of the subject lease agreement was "entirely proper” is without merit for two reasons. First, the subject lease rider provides that the tenant (Chi-Chi’s of New York) and its guarantors remain obligated to the full term (20 years) of the lease in the event landlord (defendant herein) fails to successfully relet the premises for a 24-month period. Thus it was the intent of the parties to release the tenant only in the event defendants were able to successfully relet the premises. In this case a full termination was negotiated without consideration of a relet, and obviously to the detriment of the mortgagee.
Second, the termination agreement was negotiated by the mortgagor without notice to the mortgagee after the mortgagor was in default of the obligations to mortgagee and concluded without the consent of the mortgagee as required by the terms of the mortgage.
The plaintiff commenced foreclosure proceedings and Bruce B. Bendish, Esq. was appointed receiver. Defendants complain that the receiver has not properly performed his duties to collect rent; failed to keep the premises in proper state of repair; failed to market the property, and in general failed to preserve and protect the assets of the foreclosure as required by law. Defendants submit that the receiver should be terminated pursuant to CPLR 6405 and defendant, Nathan A. Pekofsky, be appointed to manage and operate the property.
Receiver’s inability to collect rents appears to be due in large part to the fact that four stores at the subject premises are leased separately to defendant, Nathan Pekofsky, his son, daughter and son-in-law. Under all the facts and circumstances, defendants’ application is without merit and is denied.
Receiver’s cross motion compelling the defendants to turn over funds collected from Chi-Chi’s of New York, Inc. in the sum of $459,112.44 is granted. The advance collection of rent and termination of lease agreement in contravention of the mortgage instrument all at a time when mortgagors were *155 in default and in anticipation of foreclosure dictates that the proceeds be turned over to the receiver for the preservation of the mortgaged asset. (570 Kosciusko Realty Corp. v Kingdale Estates, 256 App Div 997; Norstar Bank v Morabito, 201 AD2d 545.)