Matter of Agnew v New York City Dept. of Corr. (2023 NY Slip Op 03190)

Matter of Agnew v New York City Dept. of Corr.

2023 NY Slip Op 03190

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 813431/21E Appeal No. 470 Case No. 2022-04421 

[*1]In the Matter of Joseph Agnew et al., Petitioners-Respondents,
v
New York City Department of Correction, Respondent-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amy McCamphill of counsel), for appellant.
Milbank LLP, New York (Katherine Kelly Fell of counsel), for respondents.

Order and judgment (one paper), Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered August 11, 2022, inter alia, upon a determination that respondent failed to purge itself of the contempt order dated May 13, 2022, in favor of petitioners and against respondent in the amount of $100.00 for each missed escort to the infirmary from December 11, 2021 through January 2022, unanimously reversed, on the law, without costs, the judgment vacated, and it is declared that respondent's contempt has been purged.
In this proceeding brought pursuant to CPLR article 78, the court, by order dated December 3, 2021, permitted petitioners to maintain this case as a class action, describing the certified class as "all current and future people incarcerated in New York City Department of Correction [DOC] facilities who have been or will be denied access to medical care based on [DOC]'s failure to discharge its ministerial duties" (Matter of Agnew v New York City Dept. of Correction, 2021 WL 6104121, *2, 2021 NY Misc LEXIS 6134, *1 [Sup Ct Bronx County 2021]). Also by order dated December 3, 2021, the court granted a writ of mandamus, finding that "[p]etitioners have demonstrated that [DOC] has failed to comply with its nondiscretionary duties regarding [p]etitioners' access to medical care," and ordering DOC "to immediately comply with [the following] duties": (a) "[p]rovide [petitioners] with access to sick call on weekdays, excluding holidays, and to make sick call available at each facility to all persons in DOC custody a minimum of five days per week within 24 hours of a request, or at the next regularly scheduled sick call, whichever is first"; and (b) "[s]afely keep in the New York City jails each person lawfully committed to [DOC] custody by providing sufficient security for the movement of incarcerated persons to and from health services, and by not prohibiting or delaying incarcerated persons' access to care, appropriate treatment, or medical or dental services" (Matter of Agnew, 2021 WL 6104121 at *2-*3, 2021 NY Misc LEXIS 6134 at *1).
After a hearing, the court issued an order and judgment (one paper), dated May 13, 2022, which, among other things, granted petitioners' motion to hold DOC in civil contempt of the mandamus order, but ruled that DOC may purge itself of the contempt by, within 30 days of the May 2022 order, submitting "proof of substantial compliance with its duties" set forth in the December 2021 order.
"After a finding of contempt has been made, it is the contemnor's burden to demonstrate by clear and convincing evidence that he or she has purged the contempt or that it is impossible for him or her to purge" (Town of Copake v 13 Lackawanna Props., LLC, 169 AD3d 1178, 1181 [3d Dept 2019] [internal quotation marks and citation omitted]).
In the August 2022 order on appeal, the court found that "[t]he only evidence submitted regarding access to the infirmary during the purge period is [evidence] that respondent only failed to produce [*2]inmates, due to lack of escort availability, for 186 out of 42,177 clinic appointments that were scheduled." Thus, the court held that DOC failed to purge its contempt because it failed to address whether any appointments were not scheduled in the first place due to escort shortages. We find that this was an improvident exercise of discretion (cf. Matter of Storm, 28 AD2d 290, 292-293 [1st Dept 1967]), since DOC "did not violate any clear and unequivocal mandate" set forth in the December 3, 2021 mandamus order (Matter of Hrisinko v Board of Educ. of the City Sch. Dist. of the City of N.Y., 101 AD3d 451, 452 [1st Dept 2012] [internal quotation marks and citations omitted]). We note that DOC is specifically prohibited from "screen[ing] sick-call requests" (40 NYCRR 3-02[c][2][ii]). This issue was not raised by the parties before Supreme Court, and the court should not have sua sponte based its contempt finding on DOC's failure to address this matter in the absence of a "clearly express[ed]" and "unequivocal mandate" (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 240 [1987]; see e.g. Borenstein v Borenstein, 258 App Div 55 [1st Dept 1939]).
We reject petitioners' argument that this Court lacks jurisdiction over this appeal. Petitioners failed to preserve their arguments as to nonproductions attributable to other reasons, and we decline to review them (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023