In the Matter of the Estate of HUGHINA HOWARD, an Incompetent Person, by ROBERT E. HOWARD, as Committee, etc., of Said Incompetent, Respondent.

· VIOLA HOWARD, Appellant.

First Department, May 5, 1922.

Contempt — violation of order requiring appellant to turn over property to committee of incompetent person — appellant, on advice of counsel, failed to appear and testify in contempt proceedings as to possession of property — order punishing appellant for contempt reversed and matter remitted to give her opportunity to appear and testify — if appellant fails to appear and testify order is affirmed.

An order punishing the appellant for contempt of court for disobeying an order requiring her to turn over to the committee of an incompetent person certain property, claimed to have been in her possession, should be reversed and the matter remitted to give the appellant opportunity to appear and testify concerning her possession of the property, where it appears that on an order to show cause why she should not be punished for contempt, the matter was referred to an official referee; that the appellant under the advice of counsel, did not personally appear or testify, and that there was some hearsay testimony by the son of the appellant to the effect that his mother had disposed of the property before the order directing its return was granted.

But in case the appellant fails to appear on the date to be fixed in the order by the Appellate Division, and testify as to her possession of the property, the order punishing her for contempt is affirmed.

APPEAL by Viola Howard from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of March, 1922, directing that she be punished for contempt, with notice of intention to bring up for review an order entered in said clerk's office on the 24th day of October, 1921, directing a reference herein.

*Frank A. Gaynor*, for the appellant.

*Warren Leslie*, for the respondent.

PAGE, J.:

Robert E. Howard was duly appointed committee of the estate of Hughina Howard, his mother, an incompetent person. The order appointing him such committee directed and commanded all persons to deliver to the said committee, upon demand and presentation of a certified copy of his commission, all the property of the incompetent person of every kind and nature which may be in their possession or under their control. A certified copy of the order and commission, together with a written demand that certain specifically mentioned articles of jewelry should be delivered to the bearer, signed by the committee, was served on Viola Howard. Upon the petition of the committee reciting the above facts, and that Viola Howard had in her custody the said articles of jewelry and had refused and still refuses to deliver possession thereof to the committee, an order to show cause was granted why she should not be punished for her alleged failure, offense and contempt. Upon the hearing of the motion Viola Howard in her affidavit stated that she had not the custody of any jewelry or other personal property of the incompetent person. An order was made referring the matter to one of the official referees to take testimony and report to the court with his opinion as to whether Viola Howard has or had any property of the incompetent person. Under the advice of counsel Viola Howard did not personally appear and testify. On the referee's report the order was made from which this appeal was taken.

The petitioner and Viola Howard are husband and wife, living separate and apart. When they separated Viola Howard took with her the jewelry which was the property of the incompetent. In the proceedings before the referee the son of the parties testified that his mother had sold the jewelry in January, 1921, to provide means for her support; but this was entirely hearsay testimony, as he stated his mother had not informed him to whom she had sold it, showing that he was testifying to statements made to him by his mother as to the fact of the sale.

This proceeding was instituted in April, 1921; therefore if, as a fact, Viola Howard had sold the jewelry prior to the demand, she had not the physical power to comply with the order and would not be in contempt for a failure to deliver the jewelry.

She should have appeared before the referee and made a full and frank disclosure of the possession of the jewelry, and what disposition, if any, she had made of it. While there is no rule or practice which absolutely protects a party in a contempt proceeding from an untenable position taken under advice of counsel, yet substantial justice and a wise exercise of the discretion vested

in the court requires us to relieve the client, where the effect of the counsel's mistake may be to keep her in jail indefinitely by reason of her inability to comply with the order. (*Billings* v. *Carver*, 54 Barb. 40.) In our opinion she should be afforded an opportunity to testify before the referee.

The order should, therefore, be reversed, without costs to either party, and the matter remitted to the same referee to take the testimony of Viola Howard on a date to be fixed in the order, and in default of her so appearing and testifying the order appealed from will be in all things affirmed.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, without costs, and the matter remitted to the same referee to take the testimony of Viola Howard on a date to be fixed in the order, and in default of her so appearing and testifying the order appealed from will be affirmed.    Settle order on notice.