■ AMERICAN CYANAMID COMPANY, Appellant, v. SIDNEY M. FOX et al., Respondents. HARRY GROSSMAN, as Receiver, Appellant.— Order, entered on September 16, 1963, unanimously reversed on the law and the facts and in the exercise of discretion, with $20 costs and disbursements to appellants, and application by defendant Fox, pursuant to section 775 of the Judiciary Law,

for release from jail, denied, with $10 costs. A certain microfilm, and certain micro-organisms, documents, cultures, strains and other items, were found to be in the possession or under the control of the defendants, and by order of this court, entered July 3, 1962, the defendants were directed to turn them over to the duly appointed Receiver. The Referee appointed herein, following a hearing and the taking of evidence, reported that the record fully supported the finding that the defendants were in possession of the items specified in the said order of July 3, 1962. Thereafter, by order entered June 18, 1963, the defendants were duly adjudged guilty of contempt of court in having willfully disobeyed the July 3, 1962 order by failing and refusing to turn over the said items to the Receiver; and by said order of June 18, 1963, the defendant Fox was committed to the county jail until he complied with the turnover direction. Under the circumstances, the defendant, applying under section 775 of the Judiciary Law, for an order for discharge from imprisonment, was bound to present a frank and full explanation of his dealings with respect to the items directed to be turned over, and to establish factually his inability to comply with the turnover order. The defendant, by his affidavit and statement presented in connection with the application, repeats his previous statements that none of the particular items were in his possession or under his control and that he had no knowledge whatever as to the whereabouts of the same; and he has failed to come forward with a frank and full disclosure of relevant facts tending to establish his inability in good faith to comply with the turnover direction. Thus, it was an improvident exercise of discretion for the court to direct his release. (See *Matter of Black*, 261 App. Div. 791; *Matter of Howard*, 201 App. Div. 123; *Matter of Steinert*, 29 Hun 301, 302; *Matter of Canakos*, 60 Misc. 63.) Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.