■ JAMES TALCOTT FACTORS, INC., Appellant, v LARFRED, INC., Respondent.—Order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered March 4, 1985, which granted defendant Larfred's application for an order directing the New York County District Attorney to turn over corporate records to Lawrence Cohen, is unanimously affirmed, without costs, and the appeal from the January 3, 1985 memorandum decision of the same court is dismissed as taken from a nonappealable paper. Order of the Supreme Court, New York County (Leonard N. Cohen, J.), entered on or about January 30, 1985, which granted Lawrence Cohen's application to be purged of contempt and released from civil confinement, is unanimously reversed, on the law and on the facts, with costs, Lawrence Cohen's application is denied, and he is remanded to custody until he complies with all the directives of the 1982 order of Justice Rubin.

In 1981, plaintiff James Talcott Factors, Inc., agreed to advance moneys to Larfred, Inc., whose president is Lawrence Cohen, in exchange for the assignment of defendant's accounts receivable. Plaintiff subsequently alleged that defendant had fraudulently diverted the proceeds of the accounts receivable to itself, despite their ownership by plaintiff, and thus commenced the instant action seeking approximately $730,000 in damages. Plaintiff also moved for a preliminary injunction and accounting to protect its property pendente lite. By order dated August 3, 1982, Justice Israel Rubin granted the motion, which among other things required defendant and its officers to deliver all proceeds on the accounts receivable since June of 1981 to plaintiff and to give plaintiff a written accounting, accompanied by supporting business records, reflecting all sales and collections since June 1, 1981. Plaintiff served defendant with a copy of the order and notice of entry on August 3, 1982. The order was ignored.

Due to Larfred's continued noncompliance, plaintiff moved to hold it in contempt pursuant to Judiciary Law § 753 (3). On March 11, 1983, Justice Clifford A. Scott entered an order holding corporate officers Lawrence Cohen and Fred Simon in contempt of court and authorized an ex parte warrant of commitment if they failed to comply with Justice Rubin's

order within 10 days of being served with Justice Scott's order. Defendant Cohen made no effort to comply.

Consequently, on July 5, 1983, Justice Donald J. Sullivan entered an order directing Cohen's arrest, which occurred on August 26, 1983. A hearing was held before Justice Jawn A. Sandifer, who ordered that Cohen be incarcerated until he complied with the 1982 order of Justice Rubin. For the 17 months of his incarceration defendant Cohen made no effort to comply with Justice Rubin's order and instead focused all his time and attention on making more than 20 applications before various courts and Judges seeking his release.

Various appearances were made before Supreme Court Justices Dorothy Kent, Sandifer and Rubin, all of whom determined that Cohen's confinement should be continued, since he had failed to make any good-faith effort to comply with the 1982 order. These Justices also rejected Cohen's claimed inability to comply with the accounting aspect of the order, due to the District Attorney's possession of certain corporate records, on the grounds that the District Attorney's office had openly offered Cohen access to these records.

Despite these rulings, contemnor Cohen moved, by order to show cause dated August 17, 1984, for discovery and inspection of all documents held by the District Attorney. When the District Attorney requested a hearing on the issue of whether a conflict of interest existed due to the fact that Cohen's new attorney also represented another Larfred corporate officer in a criminal proceeding, Cohen withdrew his motion.

Shortly thereafter, on October 14, 1984, Cohen renewed his motion for discovery and inspection of the documents turned over to the District Attorney's office, asking that these documents, which he conceded had always been available to him, be made available to his attorney. The motion came before Justice Andrew R. Tyler. In a memorandum decision dated January 3, 1985, Justice Tyler granted the motion and made a finding that "[w]ithout relief from this Court, Cohen would be in an untenable position, he would be in contempt of court yet unable to purge himself of the said contempt by reason of his inability to obtain the records from the District Attorney." The court further ruled as follows:

"The motion is granted to the extent that the District Attorney is directed to produce the records in court within ten (10) days after service of a copy of this Order.

"Settle Order providing for the inspection and copying, if necessary, of the records by Lawrence Cohen. The District

Attorney, if appropriate, shall submit a counter-order setting forth any limitations on disclosure of the records to the extent necessary to protect the integrity of any pending criminal investigation."

By letter dated January 21, 1985, Cohen's attorney served a proposed order and notice of settlement returnable January 28. The District Attorney proposed a counterorder and noticed it for the same date. Before Justice Tyler could act on these proposed orders, Cohen commenced yet another action on January 22, 1985, seeking his release and citing the District Attorney's failure to comply with Justice Tyler's "order" as grounds for that release. This motion came before Justice Leonard N. Cohen, who, by order dated January 30, 1985, directed Cohen's release from confinement. The court held that "it is clear from Justice Tyler's decision *order* that the District Attorney was to produce the books 'after service of a copy' of the January 3, 1985 order. Entry of the order was not required. The settled order refers only to directions regarding the viewing and copying of the documents." (Emphasis in original.) The court also adopted Justice Tyler's view that Cohen should not be held in the untenable position of being unable to purge himself of civil contempt due to this inability to obtain the records from the District Attorney. Accordingly, Justice Cohen granted the motion and purged Cohen of contempt for his failure to produce the books and records required by Justice Rubin's order. The court did, however, require that once the records were produced, Cohen provide a detailed accounting of all sales and collections made by defendant Larfred and its officers and principals since June 1, 1981.

Thereafter, on February 14, 1985, Justice Tyler finally signed an order delineating the procedures for inspection of the documents, which, but for a few modifications, was the same counterproposed order that the District Attorney had submitted in response to Justice Tyler's January 3 memorandum decision.

Plaintiff Talcott and the District Attorney's office appeal from these three decisions. We have concluded from its language that Justice Tyler's writing of January 3, 1985 was clearly a memorandum decision and not an order which could be enforced or appealed. The memorandum indicated generally the disposition of the motion but omitted specifying the terms for the inspection of the documents which, the court noted, were important. Therefore, the court directed the parties to settle an order regarding the inspection and copying of the documents and required that the District Attorney pro-

duce these documents within 10 days after service of the settled order. Also indicative of the fact that the decision was not an order was the fact that no order was ever entered in the County Clerk's office. Ordinarily an order must be entered and notice of entry served before an order may be enforced or appealed. (CPLR 2220 [a]; 5513 [a].) Because this decision was not an enforceable order, no appeal may be had from it and, accordingly, the appeal from that decision is dismissed as taken from a nonappealable paper. (CPLR 5512 [a].)

The appeal from Justice Tyler's order dated February 14, 1985, however, is affirmed, as it was proper to direct inspection of the records so that contemnor Cohen could comply with Justice Rubin's order.

Justice Cohen's order of January 30, 1985, on the other hand, must be reversed for a number of reasons. Justice Cohen erred preliminarily in concluding that Justice Tyler's January 3, 1985 writing was an enforceable order and that the District Attorney had violated that order by not producing the documents. As discussed above, the January 3 writing was a memorandum decision which directed the parties to first "settle order" before the decision could be enforced. It was not until February 14, 1985 that Justice Tyler signed the order which had been settled and not until March 4, 1985 that it was finally entered. Hence, on January 30, 1985, when Justice Cohen rendered his decision purging Lawrence Cohen of civil contempt on the ground of the District Attorney's noncompliance, there was at that time no final order with which the District Attorney was compelled to comply.

Justice Cohen additionally erred in adopting the finding of Justice Tyler that Lawrence Cohen had been placed in the untenable position of being unable to purge himself of civil contempt due to his inability to obtain the records from the District Attorney. This finding is not supported by the record and was in fact contrary to previous findings and rulings of Judges of coordinate jurisdiction. In a number of earlier motions Justices Kent, Rubin and Sandifer each rejected Lawrence Cohen's claimed inability to comply with Justice Rubin's 1982 order, since the District Attorney's office had always been willing to make the seized records available for inspection and copying. Cohen was not in the least prejudiced by the fact that these records were with the District Attorney. Neither did Cohen make any effort at all to comply with other aspects of the 1982 order which did not require reference to the documents in the District Attorney's possession. Cohen had at all times possessed the ability to purge himself of

contempt. What he never possessed was any good-faith intent to comply.

In arriving at the conclusion that contemnor Cohen was placed in the "untenable position" of being unable to purge himself of contempt, Justice Cohen disregarded and discredited the findings and rulings of three other Judges of coordinate jurisdiction who found Lawrence Cohen's claim to have been without merit and refused to release him on these same grounds. In so ignoring these earlier decisions, Justice Cohen violated the "rule of practice" and "articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned [citations omitted]." *(Martin v City of Cohoes,* 37 NY2d 162, 165.)

The record clearly establishes that Lawrence Cohen never met his burden of proof of establishing his inability to comply with the 1982 order such as would justify his release from confinement. *(See, Matter of Storm,* 28 AD2d 290, 294 [alleged contemnor has burden of making factual showing of inability to comply; vague and conclusory allegations are insufficient].) Instead, Lawrence Cohen has only shown a willful and contemptuous refusal to comply, justifying his continued confinement. Accordingly, we reverse the order of January 30, 1985 and direct that Lawrence Cohen be remanded to custody until he complies with all provisions of the 1982 order of Justice Rubin. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Rosenberger, JJ.