■ In the Matter of BEVERLY NESTLER, Respondent, v WILLIAM NESTLER, JR., Appellant.—Main, J. Appeals (1) from that part of an order of the Family Court of Columbia County (Zittell, J.), entered March 7, 1986, which, in a proceeding pursuant to Family Court Act article 4, adjudged that respondent had failed to purge himself of contempt of court and directed that he be remanded to the Columbia County Jail for a period of 30 days, and (2) from an order of said court, entered March 7, 1986, which committed respondent to the Columbia County Jail for a period of 30 days.

In a proceeding pursuant to Family Court Act § 454, Family

---

Court found that respondent had willfully failed to obey a lawful order for support payments and found respondent to be in contempt of court. However, Family Court provided respondent with the opportunity to purge himself of the contempt by (1) filing an undertaking in the amount of $10,000 or demonstrating by clear and convincing evidence his inability to obtain such undertaking, and (2) paying the amount due to petitioner as arrearages. At a subsequent hearing, respondent was prepared to pay the amount due as arrearages; however, he presented proof that neither banks nor insurance companies would issue a bond in the amount of the undertaking. Although Family Court acknowledged respondent's inability to obtain a bond from a bank or an insurance company, it found that respondent did not make a sufficient effort to obtain the undertaking and, accordingly, failed to purge the contempt finding. Respondent was ordered to be committed to the Columbia County Jail for a 30-day period.

On this appeal, respondent contends that he sufficiently demonstrated that he could not obtain the $10,000 undertaking and therefore should have been purged of the contempt. We disagree. The decision of whether to punish as contempt noncompliance with a court's decree and the fixing of conditions by which the contemnor may purge himself rest in the sound discretion of the court (see, Busch v Berg, 52 AD2d 1082; Matter of Storm, 28 AD2d 290, 293). Here, respondent was required to demonstrate by "clear and convincing" evidence his inability to provide a $10,000 undertaking. It appears that all respondent did to attempt to obtain the undertaking was fill out two bank applications and have his attorney contact two insurance brokers. Family Court noted, however, that respondent was able to suddenly obtain an amount in excess of $2,000 to pay the support arrearages and that the source of those funds was not demonstrated to be unavailable as a source for at least part of the required undertaking. We agree with Family Court that respondent has failed to demonstrate by clear and convincing evidence his inability to obtain the undertaking, and thus find no abuse of discretion in Family Court's finding that respondent did not purge himself of contempt.

Orders affirmed, with costs. Kane, J. P., Main, Weiss, Levine and Harvey, JJ., concur.