■ Chew Wah Bing et al., Appellants, v Sun Wei Association, Inc., et al., Respondents. [613 NYS2d 371] —Order and judgment (one paper), Supreme Court, New York County (William J. Davis, J.), entered on or about November 18, 1993, which, *inter alia,* held appellants in civil and criminal contempt, unanimously modified, on the law, to the extent of vacating the $200 a day fine imposed upon appellant Ming, directing instead that he may purge himself of the contempt by payment of a fine of $1000 to respondents at the office of their attorneys, and otherwise affirmed, with costs and disbursements to respondent.

Appellant Wong's claim that there was insufficient basis for resorting to CPLR 308 (5) for purposes of serving the order to show cause to hold her in contempt, and that the mail service thereby made was therefore ineffective to confer jurisdiction over her, was properly rejected in view of her repeated evasion of service and flouting of the court's prior order directing her appearance at a deposition as a nonparty witness. Nor is there merit to appellant Ming's contention that a full-blown evidentiary hearing was required to hold him in contempt, the only due process requirements being that the party charged "be notified of the accusation, and have a reasonable time to make a defense" (Judiciary Law § 751 [1]), clearly the case here.

Appellants were properly held in both civil and criminal contempt in view of their court-ordered examinations that not only impeded respondents' right to disclosure but demonstrated a total disregard for the judicial system and its mandates *(see, N. A. Dev. Co. v Jones,* 99 AD2d 238, 240-241). However, it was error to impose a fine of $200 a day upon appellant Ming, the maximum fine allowable for criminal contempt being $1000 (Judiciary Law § 751 [1]), and for civil contempt the complainant's actual loss (Judiciary Law § 773; *see, State of New York v Unique Ideas,* 44 NY2d 345). As

respondents failed to demonstrate any actual loss, the fine imposed upon appellant Ming should have been limited to $1000. Concur—Sullivan, J. P., Rosenberger, Ellerin and Kupferman, JJ.