■ LATA BANSAL, Respondent, v ANIL BANSAL, Appellant. [721 NYS2d 798] —In an action, *inter alia,* to enforce an order of the Florida Circuit Court for the Ninth Judicial District, Orange County, dated January 25, 1999, directing, among other things, that the defendant return the parties' children to the plaintiff's custody, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Marano, J.), entered November 19, 1999, which, after a hearing, granted the plaintiff's motion, *inter alia,* to hold him in contempt of court and directed that he be incarcerated in the Nassau County Jail until he complied with the order dated January 25, 1999, (2) an order of the same court, dated March 9, 2000, which denied his motion to be released from custody, (3) an order of the same court, dated June 12, 2000, which (a) denied that branch of his motion which was, in effect, for reargument, and (b) directed a hearing on that branch of his motion which was to be released from custody, and (4) an order of the same court dated July 21, 2000, which, *sua sponte,* (a) remanded the defendant to the custody of the Nassau County Department of Corrections, and (b) vacated "any and all prior orders providing defendant with the right to post bail."

Ordered that on the Court's own motion, the defendant's notice of appeal from the order dated July 21, 2000, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal from so much of the order dated June 12, 2000, as denied that branch of the defendant's motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated

June 12, 2000, as directed a hearing on that branch of the motion which was to release the defendant from custody is dismissed, as that portion of the order is not appealable as of right and leave to appeal has not been granted (*see, Palma v Palma,* 101 AD2d 812); and it is further,

Ordered that the orders dated November 17, 1999, March 9, 2000, and July 21, 2000, are affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendant's contention, the Supreme Court did not err in denying his motions to be released from incarceration. To justify an individual's release from incarceration once a finding of contempt has been made, the burden rests with the contemnor to show his or her inability to purge the contempt (*see, Talcott Factors v Larfred, Inc.,* 115 AD2d 397, 401; *Matter of Storm,* 28 AD2d 290, 294; *American Cyanamid Co. v Fox,* 19 AD2d 872, 873). The defendant has failed to do so.

Further, the Supreme Court did not err in enforcing the order dated January 25, 1999, issued by the Florida Circuit Court for the Ninth Judicial Circuit, Orange County. The defendant had notice of the proceedings in Florida and was provided with an opportunity to be heard (*see,* Domestic Relations Law §§ 75-m, 75-n).

The defendant's remaining contentions are without merit. O'Brien, J. P., Krausman, Florio and Schmidt, JJ., concur.