RIVERSIDE CAPITAL ADVISORS, INC., Plaintiff, and WINCHESTER GLOBAL TRUST COMPANY LIMITED, Respondent, v FIRST SECURED CAPITAL CORP. et al., Appellants, et al., Defendants. THOMAS B. DONOVAN et al., Nonparty Appellants. [811 NYS2d 592]—

In an action, inter alia, to recover damages for breach of a loan agreement, the defendants First Secured Capital Corp., Thomas B. Donovan Family Trust, and nonparties Thomas B. Donovan and Pamela Donovan appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated March 9, 2004, as granted that branch of the motion of the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust, which was to hold them in civil contempt for failing to abide by a mandate of the court, (2) so much of an order of the same court dated June 16, 2004, as granted that branch of their motion which was for leave to reargue to the extent of directing a hearing solely on the issue of whether the court's mandate was

clear to the nonparties Thomas B. Donovan and Pamela Donovan, and (3) so much of an order of the same court dated July 27, 2004, as, after a hearing, upon reargument, adhered to its prior determination, imposed a sanction as nonparties Thomas B. Donovan and Pamela Donovan in the sum of $250 plus costs and an attorney's fee, and directed that an order of commitment of the nonparties would be issued upon proof by affidavit that the contempt had not been purged.

Ordered that the appeals by Thomas B. Donovan and Pamela Donovan from the orders dated March 9, 2004, and June 16, 2004, are dismissed, as those orders were superseded by the order dated July 27, 2004, made upon reargument; and it is further,

Ordered that the order dated July 27, 2004, is modified, on the law, by deleting the provision thereof directing that an order of commitment of the nonparties would be issued upon proof by affidavit that the contempt had not been purged; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 9, 2004, is affirmed insofar as appealed from by First Secured Capital Corp. and Thomas B. Donovan Family Trust; and it is further,

Ordered that one bill of costs is awarded to the respondent.

A party seeking to hold another in civil contempt bears the burden of proof (*see McCain v Dinkins*, 84 NY2d 216, 225-227 [1994]; *Rupp-Elmasri v Elmasri*, 305 AD2d 394, 395 [2003]). To prevail on a motion to hold another in civil contempt, the movant must demonstrate that the party charged violated a clear and unequivocal court mandate, thereby prejudicing a right of another party to the litigation (*see Rupp-Elmasri v Elmasri, supra; see also* Judiciary Law § 753 [A] [3]; *Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]). The contempt must be proven by clear and convincing evidence (*see Raphael v Raphael*, 20 AD3d 463 [2005]). An application to adjudicate a party in contempt is treated in the same fashion as a motion, and a hearing need not be held if an issue of fact is not raised (*see Mulder v Mulder*, 191 AD2d 541 [1993]).

In the present case, the record supports the Supreme Court's determination. It shows that the plaintiff Winchester Global Trust Company Limited, as Trustee of the Factored Receivables Trust (hereinafter Winchester), met its burden of proving to a reasonable degree of certainty that the appellants and the nonparty appellants, by their inaction, violated a lawful and unequivocal court mandate, to wit, an explicit directive contained in the conclusion of a written decision dated August 11, 2003, of

which they had knowledge and, in doing so, prejudiced Winchester's rights (*see* Judiciary Law § 753 [A]). If the appellants and nonparty appellants believed that the mandate was so ambiguous in failing to precisely delineate what they were required to disclose, they should have sought a clarification from the court before deciding to take no action whatsoever (*see Allan Dampf, P.C. v Bloom*, 122 AD2d 185, 186 [1986]).

Although the Supreme Court could have issued an order of commitment subject to appropriate conditions, it elected a different course. The Supreme Court instead directed that an order of commitment for the nonparty appellants would be issued upon proof by affidavit that the contempt had not been purged without affording the nonparties an opportunity to contest the accuracy of that affidavit. Under these circumstances, it was a violation of due process for the court to direct that the nonparties could be incarcerated without notice based solely on an affidavit from their adversary (*see* NY Const, art I, § 6).

The remaining contentions of the appellants and nonparty appellants are without merit. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.