■ RIVERSIDE CAPITAL ADVISERS, INC., Plaintiff, and WINCHESTER GLOBAL TRUST COMPANY LIMITED, Respondent, v FIRST SECURED CAPITAL CORPORATION et al., Appellants, et al., Defendants. THOMAS B. DONOVAN et al., Nonparty Appellants.
[844 NYS2d 327]—

In an action, inter alia, to recover damages for breach of a loan agreement, the defendant First Secured Capital Corporation, the defendant Thomas B. Donovan Family Trust, and the nonparties Thomas B. Donovan and Pamela Donovan, separately appeal, as limited by their brief, from stated portions of two orders of the Supreme Court, Nassau County (Warshawsky, J.), both dated April 18, 2006 (one as to the nonparty Thomas B. Donovan and one as to the nonparty Pamela Donovan), which, upon an order of the same court entered March 10, 2006, inter alia, granting that branch of the motion of the plaintiff Winchester Global Trust Company, as trustee of the Factored Receivables Trust, as successor in interest to Highlands Financial Services, Inc., which was to confirm stated portions of a referee's report (Franco, J.H.O.), dated October 3, 2005, granted those branches of the motion of the plaintiff Winchester Global Trust Company, as trustee of the Factored Receivables Trust, as successor in interest to Highlands Financial Services, Inc., which were to hold the nonparties Thomas B. Donovan and Pamela Donovan in contempt of court and to direct them to produce certain documents and give depositions by a date certain and, among other things, determined that the nonparties Thomas B. Donovan and Pamela Donovan failed to purge themselves of their contempt and issued warrants for their arrest, staying execution of the warrants pending a hearing.

Ordered that the appeal by the nonparty Pamela Donovan from the first order dated April 18, 2006 is dismissed, as that order is not appealable as of right, she has not been granted leave to appeal from that order (see CPLR 5701 [c]), and she is not aggrieved by that order (see CPLR 5511); and it is further,

Ordered that the appeal by the nonparty Thomas B. Donovan from the second order dated April 18, 2006 is dismissed, as that order is not appealable as of right, he has not been granted

leave to appeal from that order (*see* CPLR 5701 [c]), and he is not aggrieved by that order (*see* CPLR 5511); and it is further,

Ordered that the appeals by the defendants First Secured Capital Corporation and Thomas B. Donovan Family Trust are dismissed, as the orders are not appealable as of right, those defendants have not been granted leave to appeal (*see* CPLR 5701 [c]), and they are not aggrieved by the orders appealed from (*see* CPLR 5511); and it is further,

Ordered that on the Court's own motion, the notice of appeal by the nonparty Thomas B. Donovan from the first order dated April 18, 2006, and the notice of appeal by the nonparty Pamela Donovan from the second order dated April 18, 2006, are deemed to be respective applications for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the first order dated April 18, 2006 is affirmed insofar as appealed from by the nonparty Thomas B. Donovan; and it is further,

Ordered that the second order dated April 18, 2006 is affirmed insofar as appealed from by the nonparty Pamela Donovan; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Winchester Global Trust Company Limited, as trustee of the Factored Receivables Trust, as successor in interest to Highlands Financial Services, Inc., payable by the nonparties Thomas B. Donovan and Pamela Donovan.

The Supreme Court properly issued warrants for the arrest of the nonparties Thomas B. Donovan and Pamela Donovan, as set forth in the orders under review. The court subjected the execution of the warrants to appropriate conditions, and gave the nonparties Thomas B. Donovan and Pamela Donovan an opportunity to contest the determination that they had not purged their contempt of a prior order of the court. Under these circumstances, there was no violation of due process (*see* Judiciary Law § 751 [1]; *Riverside Capital Advisors, Inc. v First Secured Capital Corp.,* 28 AD3d 455, 457 [2006]; *Chew Wah Bing v Sun Wei Assn.,* 205 AD2d 355 [1994]).

The remaining contentions of the nonparties Thomas B. Donovan and Pamela Donovan are without merit. Rivera, J.P., Goldstein, Skelos and Balkin, JJ., concur.