In the Matter of DOREEN ROMANELLO, Appellant, v JAMES J. DAVIS, Respondent. [856 NYS2d 128]—

On November 10, 2005 the Family Court, Nassau County (Robbins, J.), directed that the father "shall have supervised therapeutic visitation as agreed upon" by the parties, supervised by a therapist "to be agreed upon by the parties." On December 9, 2005 the parties agreed in open court that the "mother's counsel will advise [the father's counsel] by next Friday which is December 16th as to the selection of the supervisor or therapist" from a list of two therapists. The court responded "Okay. That is fine." The parties' next court appearance was scheduled for February 10, 2006.

The father's attorney received notification of the mother's choice of therapists to supervise visitation on December 21, 2005. Although the chosen therapist was available to start supervised visitation in January 2006, the mother refused to permit visitation until new allegations of sexual abuse committed by the father were investigated. At the parties' next scheduled court appearance on February 10, 2006 the Family Court granted the mother's motion to suspend visitation until the completion of an investigation by Child Protective Services of the allegations of sexual abuse.

By order to show cause dated February 22, 2006, the father moved to hold the mother in civil contempt of the orders dated November 10, 2005 and December 9, 2005, respectively. During the contempt hearing, the suspension of visitation was lifted, and supervised visitation began. At the conclusion of the contempt hearing, the Family Court found the mother in civil contempt of the order dated December 9, 2005 on the ground that she refused to allow supervised visitation in January 2006 without seeking a protective order from the Family Court. The mother was directed to pay the father $5,050 in counsel fees as costs and expenses pursuant to Judiciary Law § 773 within 90 days.

Civil contempt is defined as "disobedience to a lawful mandate of the court" which prejudices the rights or remedies of another party to the litigation (*see* Judiciary Law § 753 [A] [3]; *Hinkson v Daughtry-Hinkson,* 31 AD3d 608 [2006]; *Riverside Capital Advisors, Inc. v First Secured Capital Corp.,* 28 AD3d 455, 456 [2006]). The contempt must be proven by clear and convincing evidence (*see Riverside Capital Advisors, Inc. v First Secured Capital Corp.,* 28 AD3d 455, 456 [2006]).

In the instant case, the father failed to meet that burden. The delay in notifying the father's attorney of the choice of therapists to supervise visitation was brief, and was not cited by the Family Court as a ground for holding the mother in civil contempt. The mother's decision to refuse visitation until allegations of sexual abuse, which surfaced in early January 2006, were investigated, was ratified by the Family Court when it suspended supervised visitation pending investigation of those allegations. Under the circumstances, it cannot be said that the mother's conduct prejudiced the father's rights and remedies (*see Matter of A.F. v N.F.*, 156 AD2d 750, 752 [1989]).

Since the finding of civil contempt was not supported by the required clear and convincing evidence, the father was not entitled to counsel fees (*see Kiperman v Steinberg*, 234 AD2d 518 [1996]).

The parties' remaining contentions need not be addressed in light of our determination. Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.