■ RIVERSIDE CAPITAL ADVISERS, INC., Plaintiff, and WINCHESTER GLOBAL TRUST COMPANY LIMITED, Respondent, v FIRST SECURED CAPITAL CORPORATION et al., Defendants, and THOMAS B. DONOVAN FAMILY TRUST, Appellant. THOMAS B. DONOVAN et al., Nonparties Appellants. [870 NYS2d 114]—

After a finding of contempt has been made, it is the contemnor's burden to demonstrate that he or she has purged the contempt or that it is impossible for him or her to purge (*see Bansal v Bansal*, 281 AD2d 503, 504 [2001]; *James Talcott Factors v Larfred, Inc.*, 115 AD2d 397, 401 [1985]; *Matter of Storm*, 28 AD2d 290, 294 [1967]). The contemnor must demonstrate compliance by clear and convincing evidence (*see Matter of Nestler v Nestler*, 125 AD2d 836, 837 [1986]). Contrary to their contentions, the appellants did not demonstrate compliance by clear and convincing evidence.

Pursuant to Judiciary Law § 773, where there is a showing of actual loss or injury, the amount of a contempt fine should be sufficient to indemnify the aggrieved party for the actual loss or injury caused by " 'the misconduct proved against the offender' " (*State of New York v Unique Ideas*, 56 AD2d 295, 298 n 1 [1977], *mod* 44 NY2d 345 [1978], quoting Judiciary Law § 773; *see also Corpuel v Galasso*, 240 AD2d 531, 532 [1997]). Here, the respondent presented evidence to establish that it sustained an actual loss in the amount of an unsatisfied judgment. A review of the record demonstrates that the nonparties Thomas B. Donovan and Pamela Donovan, who completely controlled the judgment debtor, caused the judgment debtor to dispose of the respondent's collateral and to transfer the proceeds of those dispositions to several other related entities controlled by themselves, removing them from the respondent's reach. The record further establishes that these transactions constituted a misappropriation of the respondent's collateral and left the judgment debtor almost entirely without assets. The appellants have steadfastly refused to disclose information about the location of assets to satisfy the outstanding judgment and have been held in contempt three times (*see Riverside Capital Advisers, Inc. v First Secured Capital Corp.*, 28 AD3d 455 [2006]; *Riverside Capital Advisors, Inc. v First Secured Capital Corp.*, 43 AD3d 1023 [2007]; *Riverside Capital Advisers, Inc. v First Secured Capital Corp.*, 43 AD3d 1025 [2007]). Under these circumstances, the contemnors' conduct completely impeded and defeated the respondent's ability to collect upon the judgment.

The appellants' remaining contentions are without merit. Fisher, J.P., Balkin, McCarthy and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 32761(U).]