# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**900**

**CA 15-01753**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF GROTON COMMUNITY HEALTH CARE
CENTER, INC., PETITIONER-RESPONDENT,

                          V                          MEMORANDUM AND ORDER

PHILLIP BEVIER, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
RESPONDENT-APPELLANT.

YANG-PATYI LAW FIRM, PLLC, SYRACUSE (JOSEPHINE YANG-PATYI OF COUNSEL),
FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cayuga County (Mark H.
Fandrich, A.J.), entered December 9, 2014. The order awarded
petitioner a judgment as against respondent in the sum of $44,601.70
with legal fees and costs in the sum of $3,500.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: This is a special proceeding brought by the owner of
a nursing home against the attorney-in-fact for one of its patients.
Pursuant to General Obligations Law § 5-1510 (*see also* § 5-1505), the
petition sought, inter alia, to compel respondent to account for his
alleged self-dealing with respect to his principal's money, and to
surcharge him for such alleged breach of fiduciary duty. Respondent
appeals from an order that, on petitioner's motion for an order
holding respondent in contempt of court and/or entering a default
judgment against him for his failure to turn over financial documents
and to otherwise account to petitioner pursuant to statute and two
prior court orders, directed that judgment be entered against
respondent in the sum of $44,601.70, plus $3,500 in legal fees and
costs.

Respondent contends that Supreme Court erred in granting the
foregoing relief because petitioner's request therefor was made only
in a reply affidavit. We reject that contention. The petition
specifically set forth the $44,601.70 figure as the unpaid sum due to
petitioner for the patient's care and asked that respondent be
"surcharged" "in the amount of Petitioner's claim." Thus, the demand
that the court surcharge respondent in the amount of the outstanding
nursing home bill was not made for the first time in the reply
affidavit, but rather had been set forth from the outset of the

proceeding.  Although the motion papers asked for a judgment in the larger amount of $50,000, corresponding to the amount of the withdrawals for which respondent had failed to account pursuant to the court's orders, we conclude that the court did not err in limiting petitioner's recovery to the amount actually owed for the patient's nursing home care.  In any event, respondent was not prejudiced by being ordered to pay the $44,601.70 requested in the petition and reply affidavit instead of the $50,000 requested in the motion papers.

Moreover, the court's grant of monetary relief to petitioner was appropriate under the circumstances of this case.  The object of the proceeding was to compel an accounting by respondent concerning his dealings with the patient's money.  When respondent failed or refused continually throughout the proceeding to give a meaningful and satisfactory accounting, the court properly granted the monetary relief demanded in the petition.  Respondent has pointed to no legal authority permitting him to forestall indefinitely a determination of the merits of petitioner's monetary claim by refusing to make the accounting that he was obligated to make pursuant to statute and, later, two court orders.  The court's award of a money judgment against respondent was proper whether such award is conceived of as an order of default judgment rendered pursuant to CPLR 3215, or as a sanction imposed pursuant to CPLR 3126 for respondent's disobedience of the court's two disclosure orders (see generally Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 571-572; Tony's Ornamental Iron Works v National Bldg. & Restoration Corp., 237 AD2d 909, 909), and/or as a fine for respondent's contempt of court and corresponding calculated effort to defeat, impair, impede, or prejudice petitioner's rights in the proceeding (see Judiciary Law §§ 753 [A]; 773; see also Riverside Capital Advisers, Inc. v First Secured Capital Corp., 57 AD3d 870, 871, lv dismissed 12 NY3d 842; see generally Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp., 208 AD2d 37, 43).

We reject respondent's contention that the award of $44,601.70 to petitioner was improper because a contempt fine in that amount bears no causal relationship to the contemptuous conduct of respondent.  Again, respondent's disregard of the two court orders compelling him to disclose his financial dealings on behalf of the patient and, more particularly, to explain the six large bank withdrawals in question, impaired or impeded petitioner's ability in this accounting/surcharge proceeding to recover the unpaid amount of its bill, thus directly and proximately causing loss or injury to petitioner in the amount of that outstanding bill (see Judiciary Law § 773).  Finally, we conclude that the court did not err in awarding petitioner $3,500 in legal fees and costs incurred in attempting to enforce respondent's compliance with the court's disclosure orders (see id.; see also Gottlieb v Gottlieb, 137 AD3d 614, 618).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court