Pala Assets Holdings Ltd. v Rolta, LLC (2022 NY Slip Op 03054)

Pala Assets Holdings Ltd. v Rolta, LLC

2022 NY Slip Op 03054

Decided on May 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 05, 2022

Before: Gische, J.P., Kern, Oing, González, Scarpulla, JJ. 

Index No. 652798/18 Appeal No. 15892 Case No. 2022-00072 

[*1]Pala Assets Holdings Ltd., Plaintiff, Pinpoint Multi-Strategy Master Fund Formerly Known as Pinpoint Multi-Strategy Fund, et al., Plaintiffs-Respondents,
v
Rolta, LLC, et al., Defendants, Rolta India Ltd., et al., Defendants-Appellants. Preetha Pulusani, Nonparty Appellant.

Thompson Hine LLP, New York (Emily J. Mathieu of counsel), for appellants.
Kobre & Kim LLP, New York (Leif T. Simonson of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered December 21, 2021, which granted plaintiffs' motion for contempt and held nonparty Preetha Pulusani in civil contempt, fined her $1.13 million, held defendants-appellants (defendants) jointly and severally liable for the fine, and directed defendants to produce communications involving Pulusani and nonparty Kamal K. Singh, unanimously modified, on the law, to strike the parts of the order holding defendants jointly and severally liable and requiring production of the communications, and otherwise affirmed, without costs.
The record establishes by clear and convincing evidence that Pulusani assisted defendant parent company Rolta India Limited (Rolta India) in disobeying the court's October 20, 2020 turnover order, which related to enforcement of a September 2, 2020 judgment against defendants (El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Tener v Cremer, 89 AD3d 75, 78 [1st Dept 2011]). The record demonstrates that Pulusani, former President of International Operations, supervised several of the Rolta India subsidiaries, was an employee of Rolta India, and at a minimum, coordinated and facilitated the US litigation that was designed to disobey the court's turnover order. In that regard, Pulusani submitted affidavits in that litigation and signed bankruptcy petitions — which were later dismissed by the Bankruptcy Court for lack of good faith — on behalf of all the subsidiary defendants to evade compliance with the turnover order.
The court's fine was proper and factored Pulusani's assistance to Rolta India in disobeying the turnover order (see Judiciary Law §§ 753, 773; Riverside Capital Advisers, Inc. v First Secured Capital Corp., 57 AD3d 870, 871 [2d Dept 2008], lv dismissed 12 NY3d 842 [2009]; Corpuel v Galasso, 240 AD2d 531, 532 [2d Dept 1997], lv dismissed 91 NY2d 922 [1998]). Having acknowledged the loss of approximately $200 million in judgments, the court properly adopted plaintiffs' proposal of $10,000 per day as a reasonable fine, and it fined Pulusani only from the November 23, 2020 deadline for compliance with the turnover order, until her resignation on March 16, 2021 (see e.g. Ardent Harmony Fund Inc. v Barrick, 2019 NY Slip Op 34007[U] [Sup Ct, Nassau County 2019]).
Pulusani waived any challenge to personal jurisdiction.
Pulusani was the only party that the court found to be in contempt. Although the court stated that Rolta India also disobeyed the order, it did not make a finding of contempt as to Rolta India. The other defendants, subsidiaries of Rolta India, were not named in plaintiffs' contempt motion, because at the time, those defendants were protected by the automatic stay due to the bankruptcy filings. Nevertheless, they are entitled to due process before being fined and held in contempt and should not have been held jointly and severally liable for the fine.
The court ordered the production of certain withheld documents that were possibly related to [*2]Pulusani's defense that she relied on the advice of counsel. As the court has already found Pulusani to be in contempt, any need for communications between Pulusani and Singh from September 2, 2020 to March 16, 2021, including attorney-client privileged communications, is moot, and their disclosure should not have been ordered.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022